J. L. Herman, Plaintiff-Appellee, v. Metropolitan Petroleum Company et al., Defendants-Appellants.

Gen. No. 33,233.

Opinion filed June 26, 1929. Rehearing denied July 8, 1929.

Myron E. Wisch, for appellant Nat Rue; Sidney R. Tarkoff and Nathan Einhorn, of counsel.

Harry Z. and Bernard Perel, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

This is an appeal from an order of the municipal court overruling defendant Nat Rue's motion to vacate a judgment entered by confession against him and the Metropolitan Petroleum Company and Israel B. Zim-

merman for the sum of $556.25. The note on which the judgment was confessed is as follows:

"$500.00                               Chicago, April 27, 1928.

"Ninety days after date for value received we promise to Pay to the order of J. L. Herman Five Hundred and no/100................Dollars at Chicago................with interest at 5 per cent per annum after date until paid."

Then follows a power of attorney to confess judgment, and the note is signed as follows:

> "Metropolitan Petroleum Co.
> By Israel B. Zimmerman
> Nat Rue 1606 W. Roosevelt Road."

The defense of Nat Rue is that he signed the note as an officer of the Metropolitan Petroleum Company. It is patent that no such designation follows his signature. The word "by" portends nothing and must be treated as if it was not there. The note is the obligation of the three defendants, the corporation, Zimmerman and Nat Rue. The contract of the parties cannot be contradicted, changed or varied by parol evidence. What Rue tried to do by his motion, and what he is endeavoring to have this court say he may do, is to introduce parol evidence which will show that the intention was to execute the note in a representative capacity and as the secretary of his codefendant, the corporation. This is not permitted by the rules of evidence. The signature upon the note in suit is to be read with the signatures of the parties thereto, just as they appear, and the word "by" having no significance must be treated as a surplus word, which lends no light *dehors* the signatures of the parties to the note.

The case of *Hypes v. Griffin*, 89 Ill. 134, is very much in point. The defendant Hypes contended that he signed the note as trustee of the Methodist Episcopal Church in Lebanon, and that it was agreed that he should not be liable individually by reason of having signed the note, and that it was understood at the time

that the signers of the note were not to be held personally liable, but that they executed as trustees of the church, and that in legal effect it was the note of the church. A plea setting up these contentions was filed, to which a demurrer was interposed and sustained upon the theory that no evidence by parol could be received to contradict the terms of the note, and the court said:

"On the face of the instrument signed by the defendant, his undertaking is absolute; and to permit him to show by oral testimony that in no event was he to incur any personal liability by the writing would be to contradict and vary the terms of his positive written agreement." And the court further said:

"Whatever may be the decisions elsewhere on analogous questions, the authorities in this State are full to the point that a party will not be permitted to show by oral testimony that his written agreement was not, in fact, to be binding on him. . . .

"The makers of this note chose to bind themselves individually, under their hands and seals, without the use of any apt words in the agreement to bind the corporation of which they were trustees. Had it been the intention to charge the corporation exclusively, we must understand the agreement would have been expressed in the writing to that effect at the time. 1 Greenleaf Ev. sec. 275; 2 Kent. Com. 746."

The situation in the instant case is comparable to that in the case *supra*. Oral testimony cannot be received to vary the legal liability of Rue arising from his having executed the note in his individual capacity. He is personally bound thereby. The case of *Scanlan v. Keith*, 102 Ill. 634, is quoted by defendant Rue as supporting his contention. The difficulty with this contention of Rue's counsel is that what is represented to be a quotation from that decision is simply the argument of counsel and not the *dicta* of the court. In the *Scanlan* case the court distinguished between execution by defendants in a representative capacity

following their signatures, as in that case the note was signed "Sam'l L. Keith, Pres't Chicago Ready Roof'g Co.," and also "W. H. Kretzinger, Sec'y," with the seal of the corporation. From the plain signatures on the note it was clearly apparent that the individuals executed the note respectively as president and secretary of The Chicago Ready Roofing Company. We find no words of designation of Rue's executing the note in a representative capacity, but simply as an individual, and the court said:

"The principle running through that (referring to *Hypes v. Griffin*) and other cases . . . is that such instruments will be construed as the parties made them, without the aid of extrinsic evidence. That rule of interpretation would seem to be as well settled in this State as any rule can be. But there is another principle declared in *Hypes v. Griffin,* that has more immediate application to the case in hand. It is, that where a party signs his name as cashier or agent for a banking, railroad or other corporation, in drawing drafts and bills, or in accepting drafts or other evidences of indebtedness, in its ordinary business, if it appears, or is made to appear, it is the obligation of the corporation, and the cashier or agent or other officer had authority to bind the corporation, he is not personally liable, and the facts may be shown by extrinsic evidence."

It is argued that the address on the foot of the note, 1606 W. Roosevelt Road, being the offices of the defendant corporation, indicated that the obligation was to be that of the corporation, but we hold that the address of the corporation had no significance regarding the capacity in which defendant Rue executed the note different from that of an individual.

The contention that no consideration moved to Rue for his execution of the note is abortive as a defense. Even if the debt was a corporation debt, and Rue's execution thereof was merely as surety, it was not necessary that a consideration move to him for his execu-

tion of the note. A consideration to the corporation was sufficient in itself to sustain the liability of Rue as surety, if it can be said that he was such. If the contention was that no consideration moved to the corporation, then a different question would arise.

There is no reversible error in the record, and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.