NORTH STATE, ASTOR, LAKE SHORE DRIVE ASSOCIATION *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees—(CHICAGO TITLE AND TRUST COMPANY, as Trustee under Trust No. 49884, Intervenor-Appellee.)

(No. 53858;

First District—December 30, 1970.

Thomas W. McNamara, Robert E. Pfaff and Robert C. Keck, Jr., all of Chicago, (Rudnick & Wolfe, and Jenner & Block, of counsel,) for appellants.

Jerome H. Torshen, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is a suit to declare invalid an ordinance of the City of Chicago rezoning certain property from an R-7 to an R-8 classification on the ground that no public hearing was held prior to the adoption of the ordinance. R-8 zoning permits the erection of a building of substantially greater bulk, floor area and occupancy than that permitted under R-7 zoning. The plaintiffs are residents and property owners in the immediate vicinity of the property and the North State, Astor, Lake Shore Drive Association, a not-for -profit corporation. The trial court entered a summary judgment against plaintiffs on Count I which sought to declare the ordinance void for lack of public hearing, from which judgment plaintiffs appeal.

Municipal zoning ordinances in Illinois are enacted pursuant to the provisions of the Cities and Villages Act which authorizes corporate authorities to adopt zoning regulations and provides for the amendment of those regulations as follows Ill. Rev. Stat. (1967), ch. 24, par. 11—13—14:

"The regulations imposed and the districts created under the authority of this Division 13 may be amended from time to time by ordinance after the ordinance establishing them has gone into effect, but no such amendments shall be made without a hearing before some commission or committee designated by the corporate authorities. Notice shall be given of the time and place of the hearing, not more than 30 nor less than 15 days before the hearing, by publishing a notice thereof at least once in one or more newspapers published in the municipality, or, if no newspaper is published therein, then in one or more newspapers with a general circulation within the municipality. * * *"

Pursuant to this provision, the Chicago Zoning Ordinance (Municipal Code of Chicago, Chap. 194—A, Sec. 11.9—1) authorizes the City Council to adopt amendments to the Zoning Ordinance providing, however, that:

"* * * no such amendments shall be made without a public hearing before the Committee on Buildings and Zoning of the City Council."

Notice of the time and place of the public hearing must be given by the City Clerk not more than thirty nor less than fifteen days before the hearing by newspaper publication Sec. 11.9—6.

■■ An amendment to a zoning ordinance passed without a public hearing is void. *Cosmopolitan National Bank v. City of Chicago* (1963), 27 Ill.2d 578; *Treadway v. City of Rockford* (1962), 24 Ill.2d 488, 496.

The amendment in question was properly called before the Committee on Buildings and Zoning at a public hearing on October 6, 1966. At that time the Executive Director of the Greater North Michigan Avenue Association advised the Chairman of the Committee that he was authorized on behalf of the applicant to ask that the public hearing be continued. Counsel for certain objectors represented to Chairman Metcalfe that the developer had said they would put the matter over until the next hearing and joined in the request for a continuance. The Chairman then stated: "Requests have been made of the Chairman that we continue this matter, reschedule it for another hearing. What is the pleasure of the Committee?"

Alderman Fitzpatrick: "I so move."

Chairman Metcalfe: "That will be the order unless there are objections."

There were no objections.

On November 28, 1966, a letter was mailed to the Chairman of the Buildings and Zoning Committee signed by counsel representing certain objectors to that application and counsel representing proponents of the application stating that the matter of the application was originally scheduled for hearing before the Buildings and Zoning Committee of the City Council on October 6 and has been deferred from time to time thereafter at the request of the parties and advising Alderman Metcalfe that "the parties have agreed to continue to defer the public hearing before your Committee on this application. * * *" The parties requested that the matter be deferred until a hearing is jointly requested.

On June 21, 1967, the Department of Development and Planning, pursuant to the request of the Committee on Buildings and Zoning, advised that it had reviewed the subject amendment and concluded that, in its opinion, the proposed change in zoning constitutes an extension to the west of an R-8 zoning classification and recommended passage of the amendment. The letter was signed by John P. Maloney, Zoning Administrator and John G. Duba, Commissioner.

By letter dated October 6, 1967, the Chairman of the Committee on Buildings and Zoning gave notice that a meeting of the Committee on

Buildings and Zoning was to be held on Friday, the 13th day of October, 1967, at 9:30 A.M., in Room 201-A, City Hall, for the purpose of rehearing, among others, Amendment No. 7584 dealing with the subject property. He directed that the notice be affixed to the Bulletin Board in the City Council Chambers pursuant to Rule 42 [1] of the Rules of Order of the City Council of the City of Chicago. The notice, written on the stationery of the Committee on Buildings and Zoning of the City Council and signed by the Chairman, Committee on Buildings and Zoning, stated:

"Dear Alderman:

A meeting of the Committee on Buildings and Zoning will be held on Friday, the 13th day of October, 1967, at 9:30 A.M., in Room 201-A, City Hall, for the purpose of rehearing the following amendments:

| No. 7721 | (Ward 23rd) |
| No. 7659 | (Ward 12th) |
| No. 7584 | (Ward 42rd) |
| No. A. 840 | (Ward 12th) |
| No. A. 846 | (Ward 8th)." |

This notice was sent to all aldermen and was posted on the Bulletin Board in the City Council Chambers. This was in accord with usual procedures on deferred matters.

On October 13, 1967 a meeting of the Committee on Buildings and Zoning was held and the Committee recommended passage of the proposed ordinance to re-zone the subject property to R-8. The minutes of the meeting provided in pertinent part:

"After an announcement by Chairman Metcalfe that the meeting was called for the purpose of considering various pending matters, and following consideration, the Committee voted to take action as noted in each case on the matters listed below:

Proposed ordinance (referred on August 25, 1966) to amend the Chicago Zoning Ordinance to classify as an R8 General Residence District instead of an R7 General Residence District the area bounded by E. Banks Street; a line 86 feet east of N. Ritchie Court; a line 200 feet south of E. Banks Street; a line 102 feet east of N. Ritchie Court; E. Goethe Street; and N. Ritchie Court (Map No. 3-E).

---

[1] Notices of Committee Meetings Posting and requirements for Written Notice and Agenda.

Rule 42. Notice of all committee meetings shall be in written form to all members of the Council, all other persons who have filed with the committee a request for notice of its meetings, all departments of the city government which may be affected by the matters to be considered at the meeting, and to the gneral public by posting on the bulletin board in the City Council Chambers.

(Public hearing held on October 6, 1966).
PASSAGE RECOMMENDED."

On October 16, 1967, the aforesaid ordinance was presented to the City Council and the Chicago Zoning Ordinance was amended by changing the zoning of the subject property from R-7 General Residence District to R-8 General Residence District.

All aldermen are notified of all meetings of the Committee on Building and Zoning. For public hearings, a copy of the agenda of the Buildings and Zoning Committee is placed in each alderman's mailbox at the City Council two weeks prior to the hearing. A five-day notice is given for other meetings of the Committee. These notices, also, are placed in the boxes in which each alderman receives official material.

Appellants contend the ordinance in question is void because no public hearing was held prior to its adoption as required by ch. 24, par. 11—13—14 of the Illinois Revised Statutes and ch. 194—A, par. 11.9—1 of the Municipal Code of Chicago.

Appellees contend the ordinance in question is valid because the hearing of October 6, 1966 was a public hearing as required by the above statute and municipal ordinance, citing *Braden v. Much,* 403 Ill. 507. However, *Braden* did not pass upon the question of whether or not a public hearing called pursuant to proper notice and continued generally constituted a public hearing under Illinois law, but merely held "that the fact that none of the parties appeared at the time and the place to give evidence or to hear and examine witnesses whose testimony might have been presented by opposing parties, makes the meeting no less a public hearing." Id 513—14. In *Farmers Elevator Company v. Railway Company,* 266 Ill. 567, the Illinois Public Utilities Commission entered an order requiring the Chicago, Rock Island and Pacific Railroad to connect with another railroad in Morris, Illinois. A public hearing was held and considerable testimony taken. The hearing then adjourned with a direction from the Commissioner that an order be prepared requiring the connection and with objection to be filed, stating, "It might be necessary to get together again." No date was set for a future hearing. The appellant urged that the order was entered without an adequate hearing. The court said at page 571:

"All parties interested who are to be bound by the decision must be given an opportunity to present evidence and be present if they wish during the entire hearing."

Appellee's argument that appellant had the opportunity of introducing all the evidence that its counsel desired at the hearing and that such opportunity constituted an adequate hearing was expressly rejected by the court.

In *Mayfield Gas Company v. Public Service Commission*, 259 S.W.2d 8, the court said at page 11:

"Counsel for the Commission insist that the appellant was afforded ample opportunity to be heard and produce evidence and that such opportunity constituted a public hearing within the constitutional and statutory meaning of that term. In view of the fact that the Commission continued the October 7 hearing to October 22, we must assume that at the adjournment on October 7 the hearing had not been completed. Under the circumstances, can we say that an incomplete hearing meets the constitutional and statutory requirements? * * * We agree with the reasoning of the New Mexico and Wisconsin courts that the term 'public hearing' means a completed public hearing."

See also *Mountain States Tel. & Tel. Co. v. State Corp. Com'n*, 337 P.2d 943 and *In re Atchison, T. & S. F. Ry. Co.'s Protest of Rates*, 107 P.2d 123.

The public hearing of October 6, 1966 was continued by the Chairman without objection from anyone. A continuance ordinarily means the postponement of a cause. In this case it meant the postponement of the public hearing to be resumed at a later date. How a postponed public hearing could be a public hearing is difficult to see. We hold there was no public hearing on October 6, 1966.

Appellants also contend that the meeting of October 13, 1967, was not a continuation of or resumption of the public hearing originally scheduled on October 6, 1966, and appellees contend the opposite. The record clearly establishes that the public hearing of October 6, 1966, which had been continued was treated by the Committee on Buildings and Zoning as a completed public hearing awaiting final action by it, rather than one that had been continued for a new or further hearing. The minutes of the aldermanic meeting of October 13, 1967, recites "public hearing held on October 6, 1966." In addition, no two weeks notice was sent out for the October 13 meeting as was the practice for public hearings. In *Braden v. Much, supra*, our Supreme Court defined the term "public hearing" as follows: "We have previously defined the words 'public hearing' before any tribunal or body by the accepted definitions of lexicographers and courts to mean the right to appear and give evidence and also the right to hear and examine witnesses whose testimony is presented by opposing parties. (*Farmers Elevator Company v. Chicago, Rock Island & Pacific Railway Company*, 266 Ill. 567 at 573.)"

■■ There has never been a public hearing as required by Ill. Rev. Stat., 1967, ch. 24, par. 11—13—14 and the Municipal Code of Chicago, ch. 194—A, par. 11.9—1. The ordinance in question was therefore

void. *Cosmopolitan National Bank v. City of Chicago*, 27 Ill.2d 578; *Treadway v. City of Rockford* (1962), 24 Ill.2d 488, 496.

For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded with directions to enter judgment on Count I in favor of the plaintiffs.

Reversed and remanded with directions.

GOLDENHERSH and EBERSPACHER, JJ., concur.