Roy S. DUNLOP, Plaintiff-Appellant, *v.* CRANE G. McATEE, d/b/a CRANE M. CONSTRUCTION COMPANY and d/b/a McATEE DESIGN & CONSTRUCTION, *et al.*, Defendants-Appellees.

(No. 74-197; )

Second District (1st Division)—August 12, 1975.

Alvin L. Catella, of Konstans & Catella, of St. Charles, for appellant.

Robert A. Sternberg, of Cohon, Raizes & Regal, of Chicago, for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The instant action was brought to foreclose a mechanics' lien claim for a $1,825.38 balance due for heating and plumbing materials and services furnished by the plaintiff as a subcontractor. On the defendants' motion, the trial court held (1) that a "no lien" provision in the basic agreement between the owners and the contractor, filed with the recorder of deeds under the statute, barred any mechanics' lien; and (2) that Crane G. McAtee signed the acceptance of plaintiff's proposal as agent for Crane M. Construction Co., and not individually. As a result, the trial court gave the plaintiff leave to file an amended complaint at law against the corporate contractor; dismissed the complaint to foreclose the mechanics' lien claim; dismissed Crane G. McAtee, president of said contractor, as an individual defendant; and found no just cause to delay enforcement or appeal.

On appeal, the plaintiff contends (1) that the said provision barring liens, although filed with the recorder as provided by statute, was not legally effective to bar them because beneficiaries under an Illinois land trust are, as a matter of law, not "owners" within the meaning of our mechanics' lien statute; and (2) that the contract between him as sub-

contractor and the contractor was so executed as to make both the corporation and its president individually liable thereon as a matter of law. We disagree on both points and affirm.

In May of 1969 the defendant Batavia Bank, as trustee of its land trust No. 198, took title to the property here involved. The beneficiaries were the defendant Crane M. McAtee and his wife and Maurice P. Raizes, who were jointly given the complete management and control of the property. In July of 1971, Raizes, as agent for said beneficiaries, entered into a written agreement with the Crane M. Construction Co., an Illinois corporation, of which Crane M. McAtee was president, under which Crane, as contractor, undertook to do certain construction work on the premises here involved, which were therein legally described. This agreement expressly provided that no liens or claims could be filed by said contractor or any subcontractors, and the document was duly filed with the county recorder of Kane County on July 23, 1971, under the provisions of the Illinois Mechanics' Lien Act (Ill. Rev. Stat. 1971, ch. 82, § 21), which provides that such a provision, if so recorded, is effective and bars such liens.

On November 16, 1971, the plaintiff's proposal for furnishing heating and plumbing materials for the property was accepted, the acceptance being worded as follows:

"Crane M. Construction Co.,
by C. G. McAtee."

On that same day the plaintiff signed and delivered a waiver of lien for materials in which he recited that he "had been employed by Crane M. Construction Co." to furnish plumbing and heating material and labor for said premises. On December 8, 1971, the corporate style of the contractor was officially changed to McAtee Design and Construction Co. and the plaintiff, in March of 1972, executed and delivered further waivers of lien in which he stated that his contract was with that company.

On November 7, 1972, the plaintiff filed a complaint to foreclose a mechanics' lien, alleging that he had, as subcontractor, furnished materials and labor on the premises totaling $11,975.38 and had been paid only $10,150, leaving a balance due of $1,825.38, for which he claimed a lien. He made McAtee, the bank, the present owners of the premises and the local savings and loan, which holds a mortgage, defendants.

On the defendants' motion, the trial court made the findings and took the actions set out in the first paragraph of this opinion.

The plaintiff's *first* contention is that the agreement between the beneficiaries and the corporate contractor Crane M. Construction Co., expressly barring liens, although duly filed with the county recorder as

provided for in the Mechanics' Lien Act, was not here legally effective to bar liens because beneficiaries under an Illinois land trust are not "owners" within the meaning of said Act.

Plaintiff cites *Taylor v. Gilsdorff* (1874), 74 Ill. 354, and *Levine v. Pascal* (1968), 94 Ill.App.2d 43, 236 N.E.2d 425, for this contention. Although the dissent in *Taylor* in some ways reflects the plaintiff's position, the majority, at page 357, expressly holds that Frank Taylor, as one of the beneficiaries, was "an owner, within the meaning of the statute." And *Levine* had nothing whatsoever to do with the Mechanics' Lien Act and involved only security interests under the Uniform Commercial Code.

■■ The Illinois courts have repeatedly and consistently held that a holder of an equitable interest in the land, including a beneficiary under a land trust, is an "owner" within the meaning of the Illinois Mechanics' Lien Act, and we again so hold. *Paulsen v. Manske* (1888), 126 Ill. 72, 75, 18 N.E. 275; *Springer v. Kroeschell* (1896), 161 Ill. 358, 363, 43 N.E. 1084; *Sorg v. Crandall* (1908), 233 Ill. 79, 84, 84 N.E. 181; *Hacken v. Isenberg* (1919), 288 Ill. 589, 594, 124 N.E. 306.

■■ In passing it should be noted that, even were we to hold that such a beneficiary is not an "owner," the plaintiff's claim here would still fail because it is likewise well established under Illinois law that the lien of a subcontractor can only exist by virtue of a contract between a contractor and an "owner." (*Kelly v. Johnson* (1911), 251 Ill. 135, 95 N.E. 1068; *North Side Sash & Door Co. v. Goldstein* (1918), 286 Ill. 209, 121 N.E. 563; *Douglas Lumber Co. v. Chicago Home for Incurables* (1942), 380 Ill. 87, 95, 43 N.E.2d 535.) In *North Side Sash and Door*, the court, at page 211, pointed out that:

> "The lien of a sub-contractor can only exist by virtue of the original contract, and in case such contract provides that there shall be no lien upon the premises improved for labor performed or material furnished, a sub-contractor is not entitled to any lien."

It is here undisputed that the memorandum of agreement between the owner and contractor was duly recorded pursuant to the provisions of § 21. We therefore hold that the trial court properly ruled that the plaintiff had no mechanics' lien upon which to base a foreclosure action. It should also be noted, in passing, that the plaintiff, in seeking to enforce a mechanics' lien, is attempting to collect from subsequent purchasers and a mortgagor with whom he had not dealings whatsoever.

■■ This brings us to the plaintiff's *second* contention—that the contract between him as subcontractor and the contractor was so executed as to make both the corporation and its president individually liable thereon as a matter of law.

In 3 Am. Jur.2d *Agency* § 190, at 573-74 (1962), it is said that:

"A signing by which the name of the principal appears 'by' or 'per' the agent is uniformly regarded as a proper method of executing the agency so as to impose liability upon the principal and, conversely, no personal liability upon the agent."

In Restatement (Second) of Agency § 156, at 372 (1958), it is said in comment:

"In the absence of a contrary manifestation in the document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: the principal's name followed by the agent's name preceded by a preposition such as 'by' or 'per'; the principal's name followed by the agent's name with the word 'agent' added; the agent's name followed by the principal's name, the two names being separated by a phrase such as 'agent of,' 'agent for,' 'on behalf of,' 'for,' or 'as agent of.'"

■■ Illinois follows this view and holds that where an agent discloses the name of his principal or where the party dealing with the agent knows that the agent is acting as an agent, the agent is not personally liable on the contract unless he so agrees. (*Chicago Title & Trust Co. v. De Lasaux* (1929), 336 Ill. 522, 168 N.E. 640; *Petrando v. Barry* (1955), 4 Ill.App.2d 319, 124 N.E.2d 85.) In the latter case, the court, at page 322, said:

"The rule is clearly stated in *Chicago Title & Trust Co. v. De-Lasaux*, 336 Ill. 522, 526. It is there said:

'Where an agent in making a contract discloses his agency and the name of his principal, or where the party dealing with the agent knows that the agent is acting as an agent in making the contract, the agent is not liable on the contract unless he agrees to become personally liable. (*Millikin v. Jones*, 77 Ill. 372; *Wheeler v. Reed*, 36 Ill. 81; *Chase v. Debolt*, 2 Gilm. 371.)'"

The plaintiff here relies entirely upon *Herman v. Metropolitan Petroleum Co.* (1929), 253 Ill.App. 536, which held that the word "by," following the principal's name, rendered both liable. Not only is that case distinguished by the facts (1) that it involved a negotiable instrument, not a simple contract, and (2) said "we," but even on its limited facts it has been superseded by section 3—403 of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, § 3—403). The Illinois Code Comment notes as follows:

"This paragraph [(2)(b)] changes Illinois law in cases where the name of the principal appears on the instrument, but the agent's signature does not indicate his representative capacity. In *Herman v. Metropolitan Petroleum Co.*, 253 Ill.App. 536 (1st Dist.

1929), an action between the immediate parties, the court held that evidence of an individual defendant that he signed the instrument as secretary of the corporate defendant was properly excluded by the trial court." Ill. Ann. Stat. ch. 26, § 3—403, Illinois Code Comment, at 222 (Smith-Hurd 1963).

Furthermore, the waivers executed by the plaintiff clearly demonstrate that plaintiff knew he was dealing with Crane M. Construction Co. and that C. G. McAtee was merely its agent. Significantly the first waiver of lien was executed by plaintiff on the same date the proposal was signed by McAtee.

We therefore conclude that the plaintiff's second contention is without merit, and that the trial court correctly dismissed Crane G. McAtee as a party defendant.

We therefore affirm the order.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.