THE PEOPLE *ex rel.* GEORGE W. ENDICOTT, Plaintiff-Appellant, *v.* A. M. "PETE" HUDDLESTON *et al.,* Defendants-Appellees.

(No. 75-213; )

Fifth District—December 3, 1975.

*Supplemental opinion upon denial of rehearing January 16, 1976.*

Richard Kruger, of Metropolis, for appellant.

Byron L. Connell, State's Attorney, of Mound City, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order refusing to vacate an order dismissing with prejudice a petition for a writ of mandamus and refusing to allow appellant leave to amend his petition after said dismissal.

Appellant, George Endicott, is the former Supervisor of Assessments (County Assessor) of Pulaski County. On or about June 28, 1974, he was notified that the Board of County Commissioners did not intend to reappoint him as Supervisor of Assessments, and therefore, his term would expire on September 30, 1974. Subsequently, appellant requested a public hearing on the question of why he was not reappointed as County Assessor, pursuant to section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 484a). This request was granted. Thereafter, petitioner asked that the hearing be conducted in an adversary manner, with an impartial hearing officer, and that he have the right to an attorney, to present opening and closing statements, to present testimony on his own behalf, and to hear and examine witnesses in support of the Board of Commissioners' decision not to reappoint him. The Board denied these requests, except the right to counsel and adopted certain procedural rules for the "hearing." Under these rules, the hearing consisted of the attorney for the Board reading numerous charges and allegations of misconduct by petitioner as County Assessor and the immediate adjournment of the meeting. Neither petitioner nor his attorney were permitted to speak, nor was any testimony or other evidence offered to support the charges of the Board.

On October 9, 1974, appellant filed his original petition for a writ of mandamus against the members of the Board of County Commissioners of Pulaski County, A. M. "Pete" Huddleston, Henry Schnaare, and Donald Miller, to compel them to provide him a "public hearing" under section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 484a). Petitioner contended, as he does now, that a "public hearing" as required by the statute included his right to appear and give evidence, and to hear and examine witnesses testifying on behalf of the Board. The Circuit Court of Pulaski County dismissed the petition with prejudice on December 19, 1974. On January 3, 1975, appellant filed a motion to amend his petition and to vacate or set aside the trial court's order of December 19. These motions were denied except petitioner was permitted to substitute Dallas Jackson, a new member of the Board, for Donald Miller, who no longer was a member.

■■ In situations other than where one has demonstrated that he is entitled to relief, but that mandamus is an inappropriate remedy, the civil practice rules govern mandamus proceedings. (Ill. Rev. Stat. 1973, ch. 87, pars. 11, 12.) Under the civil practice rules the granting of a motion to dismiss is a final judgment and the filing of a motion to vacate does not destroy that finality. (*Solvering v. Baltimore & O. Rwy. Co.*, 2 Ill.App.2d 357.) Since a motion for leave to amend a pleading is not a proper post-judgment motion (*Fultz v. Haugan*, 49 Ill.2d 131; Ill. Rev.

Stat. 1973, ch. 110, par. 68.3), we must first decide whether the trial court abused its discretion in refusing to vacate its order dismissing with prejudice appellant's petition for a writ of mandamus.

The trial court ruled that the original petition was defective in that it failed to establish a clear and undeniable right and that issuance of the writ would not be effectual or beneficial in preserving or protecting a substantive right of the petitioner. A petition for a writ of mandamus must contain the following: (1) a clear right to have the requested act performed (*People ex rel. Pignatelli v. Ward*, 404 Ill. 240, 243); (2) every material fact necessary to demonstrate the plaintiff's clear right to the writ, (*Anderson v. Board of Education*, 390 Ill. 412, 435); (3) a showing that the requested act is the duty of the defendant to perform (*Anderson*); (4) a showing that the requested act is within the power and authority of the defendant (*People ex rel. Canella v. City of Chicago*, 7 Ill.2d 416, 418); and (5) in the case of a private (as distinguished from a public) right the plaintiff must show a demand and the defendant's refusal to act (*People ex rel. Edelman v. Hunter*, 350 Ill.App. 75). It is against these criteria that we must measure appellant's original petition.

The petition alleged that the named defendants were County Commissioners of Pulaski County; that the petitioner was Supervisor of Assessments of the county; and that he had been given notice that he would not be reappointed to a subsequent four-year term. It also stated that he had requested a public hearing under section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 484a) on the question of why he was not reappointed, and that the hearing be open to the public, and be of an adversary and evidentiary nature. He further averred that the hearing, upon the orders of the Board, was not of such a nature, and was not a public hearing within the meaning of the statute. Also included in the petition was case authority for his contention that "public hearing" within the statute meant the right to appear and give evidence and the right to hear and examine witnesses whose testimony is presented by opposing parties.

We think the petition adequately showed that the requested act of holding an evidentiary-type hearing was within the power of the defendants and that the petitioner made a demand and the defendants refused to [so] act. It also contained allegations showing petitioner's clear right to have a public hearing, the duty of defendants to provide the same, and that the hearing as held was not a public hearing. These latter questions could only be determined by the trial court's ruling on whether the hearing held was a "public hearing" within the meaning of the statute. The trial court evidently thought it did comply. However,

we do not agree, and believe that the "public hearing" required by section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 484a) contemplates that the incumbent have the right to appear and give evidence and the right to hear and examine witnesses whose testimony is presented by opposing parties.

■■ Petitioner argues that the term "public hearing" has a well-settled meaning through judicial interpretation and the meaning should be applied to the instant statute. We agree. The term "public hearing" has consistently been held to require that the hearing include the right to appear and give evidence and also the right to hear and examine witnesses whose testimony is presented by opposing parties. (*Braden v. Much*, 403 Ill. 507; *Farmers Elevator Co. v. Chicago, Rock Island & Pacific Railway Co.*, 266 Ill. 567; *North State, Astor, Lake Shore Drive Association v. City of Chicago*, 131 Ill.App.2d 251. See also *Board of Education v. County Board of School Trustees*, 13 Ill.App.2d 561.) Defendants attempt to distinguish these cases by arguing that they were either based upon specific statutory requirements or the necessity that an administrative agency's decision rest upon adequate grounds (while here the County Board arguably did not have to base its decision not to reappoint petitioner on any testimony or evidence adduced at the public hearing). We are not persuaded by these distinctions, and even if we were, *Braden v. Much* and *North State, Astor, Lake Shore Drive Association v. City of Chicago* are not so distinguishable. In these cases, the statutory requirement that a public hearing be held before an amendatory zoning ordinance could be validly enacted was neither essential to make a record of an administrative agency's basis for decision nor were any specific statutory procedures applicable. Furthermore, the Supreme Court in *Braden* adopted the hearing requirements delineated in *Farmers' Elevator*, which appellees attempt to distinguish. Thus we agree that "public hearing" has an accepted judicial definition, that being the definition established by these cases. We can discern from the instant statute no contrary manifest intention, and therefore hold that this meaning of "public hearing" was intended by the legislature for the statute. *People ex rel. Holvey v. Kapp*, 355 Ill. 596; *Board of Education v. County Board of School Trustees.*

■■ The instant statute provides that the County Board, upon request from the incumbent County Assessor "shall" hold a public hearing on the question of why he was not reappointed. We believe that by the use of this word of command the County Board was under a duty to hold a public hearing of the type requested by petitioner, just as it is required to fill a vacancy in the position of county assessor by selecting one of the top three scorers on the Department of Revenue competency

examination. Since no contrary legislative intent appears, we believe that a·public hearing is also a nondiscretionary duty of the County Board: Thus it appears to us that the original petition contained the necessary elements, and the trial court abused its discretion in dismissing the petition and then refusing to vacate its dismissal order.

■■ ·Defendants, however, argue that no benefit would accrue to appellant if his petition were granted and that therefore a writ of mandamus should not be issued. The principal authority for defendant's contention is *People ex rel. Willey v. Buck*, 181 Ill.App. 110 (1913), where the court refused to order that a park district election be held on a certain date when that date had passed. The cases supporting the court in *Willey* also involved factual situations where the relief sought could not be granted because either the time for which the writ was sought had passed (*Cristman v. Peck*, 90 Ill. 150 (1878), the petitioner had no legal right of which to compel performance (*Gormley v. Day*, 114 Ill. 185 (1885), or the act which petitioner sought to compel could be enjoined by another· (*People ex rel. Power v. Rose*, 219 Ill. 46, 58 (1905)). Thus, this proposition and these cases are not supportive of the defendant's argument. In each of these cases, it was clear as a matter of law, or on the basis of the evidence introduced, that either the court had no authority to issue a writ of mandamus or the issuance of the writ would be a futile act. But in the present appeal, we cannot agree with the defendants and the trial court that as a matter of law no benefit would result if the writ were to be issued. By holding a proper adversary-type public hearing petitioner can attempt to preserve his reputation and the public can gain insight into the machinations of local government. These are important benefits which the legislature must have contemplated when they required a public hearing in section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 484a). Therefore, in· the present case, whether the writ would benefit petitioner can only be determined on the basis of competent evidence.

■ Furthermore, we do not believe that the original petition is fatally defective in that·it failed to state how petitioner would be benefited by the issuance of· the writ. Appellant's petition adequately stated all the necessary facts to show that he was entitled to the writ.

·Defendants advance other arguments in support of the trial court's refusal to vacate its original order. We have examined them, find them without merit and will discuss but one of them.

·· Defendants contend that a writ of mandamus will not be awarded where an official has already acted, *i.e.*, that mandamus will not lie to undo what has already been done, citing *Hiawatha Community School District ·No. 426 v. Skinner*, 32 Ill.App.2d 187. However in ·that case, the

court concluded that the defendant county clerk had properly performed his ministerial duties according to law. Also, it would have been impracticable and a great hardship to have required the defendant there to reallocate property taxes for the petitioner school district. In the present case, however, the County Board did not give petitioner a proper public hearing, nor will any action on their part have to be undone. Furthermore, since we have concluded a public hearing is required by the instant statute, and thus is a ministerial nondiscretionary act, a writ of mandamus would be an appropriate remedy. *Corn Belt Bank v. Cellini,* 18 Ill.App.3d 1035; *Stevens v. County of Lake,* 24 Ill.App.3d 51, 55.

For the foregoing reasons, the judgment of the Circuit Court of Pulaski County is reversed, and this cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and G. J. MORAN, JJ., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendants-appellees ask for a rehearing and argue that our construction of "public hearing" in section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 484a) renders that statute invalid under the Illinois Constitution of 1970. They contend that article VII, section 4 of that constitution grants counties the exclusive power to provide for the type of hearing to which an incumbent county assessor is entitled when he is not reappointed and that the instant statute, as construed by this court, contravenes this grant of authority and is therefore invalid. Their position apparently is that this entire subsection of the Revenue Act of 1939 is an unconstitutional invasion of their powers as a county board.

■■ Counties have the power to "provide for their officers, manner of selection and terms of office" as prescribed in article VII, section 4 of the 1970 Constitution. (Ill. Constitution (1970) art. VII, § 7(4).) A county assessor may be elected or appointed, as provided for by county ordinance; however:

> "Offices other than sheriff, county clerk and treasurer may be eliminated and the terms of office * * * changed by law. Offices other than * * * assessor and auditor may be eliminated and the terms of office and manner of selection changed by county ordinance." (Ill. Const. (1970), art. VII, § 4(c).)

Thus, the 1970 Constitution distinguishes between county offices whose

existence, manner of selection, and term of office may be affected by county ordinance and those which can be affected only by a county-wide referendum or by the general law of the State. Assuming *arguendo* that the right of an incumbent county assessor to a public hearing on the question of why he was not reappointed is somehow part of the selection process, the 1970 Constitution does not give a county board the power to alter this process. Since no county-wide referendum sanctioned the type of hearing held, the county board could not by ordinance do such. Nor does section 26d of "An Act * * * in relation to counties" (Ill. Rev. Stat. 1973, ch. 34, par. 437) give a county board power to deprive an incumbent county assessor of the rights granted by section 3a of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 484a). The former section provides that a county board may pass ordinances or make rules and regulations necessary or appropriate to carry into effect the powers granted to the counties. This section follows provisions granting county boards numerous powers (Ill. Rev. Stat. 1973, ch. 34, par. 401 *et seq.*). These provisions, however, do not include any mention of a county board's power to appoint or refuse to reappoint a county assessor or to adopt rules relating to a hearing on the question of why an incumbent assessor was not reappointed. Even if we could find this power to be implied, this section would be at most a conflicting statutory provision with section 3a of the Revenue Act of 1939. Since the former section is of a general nature, and the latter section is specific, the latter would control. (*Board of Education v. City of West Chicago*, 55 Ill.App. 2d 401, 205 N.E.2d 63 (1965).) Therefore, there exists no general law to sanction the type of hearing held and defendant's argument must be rejected.

The defendants also argue that since petitioner cannot secure his reappointment as county assessor of Pulaski County, to have an adversary public hearing would be like "'whipping a dead horse' with the same net effect." However we believe that some benefit would accrue to petitioner and the public by holding such a hearing. Moreover, the legislature has commanded that a "public hearing" be held on the question of why an incumbent county assessor was not reappointed. Where a county board has refused to reappoint an incumbent assessor, the positions of the board and the assessor frequently will be antagonistic. In such a situation, we think it likely that a county board would prefer to limit the incumbent assessor's opportunity to attack the board's reasons for declining to reappoint him. A county board could accomplish this by the holding of a hearing like that held by the Pulaski County Board of Supervisors. But such a hearing is not a public hearing to which an in-

cumbent county assessor is entitled. Because a writ of mandamus is essentially the only remedy which petitioner or any incumbent assessor could employ to secure his right to a public hearing, if we were to accept defendants' arguments that an incumbent assessor cannot benefit from the holding of a public hearing since he cannot thereby gain reappointment and that therefore the writ should not issue, we would sanction the deprivation of this right by almost any county board. Since a right without a remedy is no right at all, we would thereby make this statutory right meaningless, in derogation of the authority of the Governor and General Assembly. This we decline to do, and adhere to our original decision.

In a discussion of the issues, the appellee objects to the word "machinations." This word is deleted and the phrase "administrative and political processes" is inserted in its place.

The petition for rehearing is denied. The judgment of the Circuit Court of Pulaski County dismissing the petition for a writ of mandamus is therefore reversed and the case remanded for further proceedings not inconsistent with this opinion.

Judgment reversed; cause remanded.

EBERSPACHER and G. J. MORAN, JJ., concur.