CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS, HEALTH AND WELFARE FUND *et al.*, Plaintiffs-Appellants, *v.* GLEN R. PITMAN *et al.*, Defendants-Appellees.

Third District   No. 78-205

Opinion filed December 13, 1978.

Sidney D. Davidson, of Davidson & Davidson, of Peoria, and Alan M. Levy and Marianne Goldstein, both of Goldberg, Previant & Uelmen, of Milwaukee, Wisconsin, for appellants.

Robert C. Strodel and Edward R. Durree, both of Strodel & Kingery, Assoc., of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The issue presented by this appeal is whether defendant Glen R. Pitman can be held personally liable on a promissory note which states:

"For value received, I, Glen R. Pitman, as an individual and as president of G. R. Pitman Trucking Co., * * * promise to pay to Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds all current contributions as they become due under the collective bargaining agreement * * * , in addition to the sum of $15,606.44 with interest * * * ."

The note was signed:

" G. R. Pitman Trucking Co.
By /s/ G. R. Pitman"

On July 29, 1977, the pension funds associations filed suit to collect $10,854.71 plus interest and fees allegedly due and unpaid under the terms of the note. The complaint named both Glen R. Pitman and G. R. Pitman Trucking Co., Inc., as defendants. A default judgment was entered in favor of plaintiffs on September 6, 1977, but later the same day defendant Glen R. Pitman filed a motion to dismiss, and ultimately the judgment was vacated and the cause dismissed as to Glen R. Pitman individually. After plaintiffs' motion to vacate the dismissal was denied, plaintiffs perfected this appeal.

A preliminary question must be disposed of before we consider the merits of this appeal. Defendant's motion to dismiss asserted that the Circuit Court of Peoria County lacked jurisdiction of the subject matter and of the person of Glen R. Pitman because he resided in Indiana and executed the note in Indiana, and also that the note was executed by Pitman in an agency capacity and does not impose personal liability on him. In support of the motion, Pitman executed an affidavit in which he stated that he is a resident of Indiana, that the note was executed in Indiana, and that he executed the note solely in an agency capacity. On the day of the hearing, plaintiffs filed a counteraffidavit asserting facts in opposition to the motion.

Plaintiffs contend that the motion to dismiss was filed pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), and that it was error for the trial court to consider defendant's affidavit when considering the legal sufficiency of the complaint under a section 45 motion to dismiss for failure to state a cause of action. (See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) Defendant claims that his motion to dismiss was filed pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48), and that affidavits are properly considered in support of a section 48 motion. *Johnson v. Nationwide Business Forms, Inc.* (1st Dist. 1976), 41 Ill. App. 3d 128, 359 N.E.2d 171.

■■ Section 48 provides for a motion to dismiss based upon defenses or matters going beyond the legal sufficiency of the complaint and also provides that, if the grounds do not appear on the face of the pleadings attacked, the motion shall be supported by affidavit. Here the allegation in defendant's motion relating to the jurisdiction issue were sufficient to bring the motion within section 48. Therefore, the supporting affidavit was properly before the trial court.

■■ Since defendant has not on appeal disputed the trial court's jurisdiction, we conclude that the sole issue before us is whether, as a matter of law, defendant could never be found personally liable on this note. To begin, we observe that the note in question is not a negotiable instrument as defined by section 3—104 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 3—104), since it does not contain an unconditional promise to pay a sum certain, it does contain other promises, and it is not payable to order or to bearer. Consequently the Uniform Commercial Code provisions governing personal liability of an agent who signs on behalf of a principal or corporation do not control the case at bar. See, *e.g.*, *First National Bank of Elgin & Achilli* (2d Dist. 1973), 14 Ill. App. 3d 1, 301 N.E.2d 739; Annot., 82 A.L.R.2d 424 (1962).

■■ The rule of law which does control in this case was well stated in *Annes v. Carolan, Graham, Hoffman, Inc.* (1929), 336 Ill. 542, 168 N.E. 637, as follows:

> "Where an agent making a contract fully discloses the principal for whom he is contracting, the agent is not bound on the contract unless he makes himself liable expressly or by inference fairly drawn from all of the facts and circumstances in evidence." (336 Ill. 542, 545.)

More recently courts have recognized and applied the same principle. See, *e.g., Moore v. Lewis* (1st Dist. 1977), 51 Ill. App. 3d 388, 366 N.E.2d 594; *Fieschko v. Herlich* (2d Dist. 1961), 32 Ill. App. 2d 280, 177 N.E.2d 376.

■■ Defendant points to his signature on the note and contends the word "By" under the corporate name indicates that he was signing as an agent, not as an individual. Such was the holding in *Dunlop v. McAtee* (2d Dist. 1975), 31 Ill. App. 3d 56, 333 N.E.2d 76. However, in *Dunlop* the contract did not contain any language which might be subject to conflicting inferences, while the contract here contains an express provision that "Glen R. Pitman, as an individual" promises to make the payments indicated. This provision is sufficient to permit the trial court to receive evidence as to whether, from all the circumstances of the transaction, the parties intended that Pitman be personally liable. Hence, we conclude that the court erred in dismissing the complaint as to defendant.

For the reasons stated, we reverse the dismissal order and remand this cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

BARRY, P. J., and SCOTT, J., concur.