THE WESTERN CASUALTY AND SURETY COMPANY *et al.*, Plaintiffs-Appellants, *v.* BAUMAN INSURANCE AGENCY, INC., *et al.*, Defendants-Appellees.

Second District    No. 79-201

Opinion filed February 29, 1980.

Francis X. Gosser, of Militello & Zanck, of Crystal Lake, for appellants.

John Horeled, of Franz and Horeled, of Crystal Lake, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs appeal from an order of the Circuit Court of McHenry County dismissing count II of their complaint in which Robert H. Bauman was joined as a party defendant in his individual capacity. Count I of the complaint, which is still pending in the trial court, was brought against Bauman Insurance Agency, Inc., a corporation, by plaintiffs seeking recovery of damages for an alleged breach of an agency agreement between plaintiffs and the corporation. Plaintiffs joined Mr. Bauman (who was also president of the corporation) in his individual capacity seeking to enforce an indemnity agreement against him which purported to secure plaintiffs from loss in the event of a breach of their

agency contract with the Bauman Insurance Agency, Inc. The indemnity agreement by its terms noted that the Bauman Insurance Agency, Inc., "in which the undersigned are interested as stockholders or officers" had been appointed as plaintiff's agent. It further provided that in consideration of that appointment that "[w]e, the undersigned, hereby guarantee and bind ourselves to * * * plaintiffs * * *, " for the faithful performance by Bauman Insurance Agency, Inc., of its duty as agent for plaintiff, and for the faithful accounting for and payment by the agency of all moneys of plaintiff coming into its hands. By the indemnity agreement the signatory agreed to reimburse and hold plaintiffs harmless for any loss or expense they might incur by reason of the failure of the agency to perform its duties or make the payments required of it. The indemnity agreement thereafter was executed in the following manner:

"/s/ Robert H. Bauman
    of Bauman Insurance Agency, Inc."

The sole issue raised on this appeal is whether Mr. Bauman signed the indemnity agreement in his individual rather than in a corporate capacity and was therefore personally bound by its terms.

■■■ It is well established that an agent is not individually bound by the terms of a contract which he executes on behalf of his principal where the agency relationship is known to the other party at the time of contracting unless he agrees to be personally liable. (*Annes v. Carolan, Graham, Hoffman, Inc.* (1929), 336 Ill. 542, 168 N.E. 637; *Dunlop v. McAtee* (1975), 31 Ill. App. 3d 56, 333 N.E.2d 76; *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.) An agent may expressly agree to be personally bound or it may be inferred by implication reasonably drawn from all the facts and circumstances in evidence. *E.g., Annes v. Carolan, Graham, Hoffman, Inc.; Dunlop v. McAtee.*

■■ Defendant, Robert H. Bauman, contends that as he did not agree to be personally bound by the indemnity agreement plaintiff cannot hold him liable for any failure on the part of the agent corporation to perform its obligations as plaintiffs were aware of Bauman's corporate position as president of Bauman Insurance. In the alternate, he argues that any ambiguity as to the capacity in which he executed the indemnity agreement should be resolved against plaintiffs who were drafters of the instrument. (*Sharp v. Hospital Service Corp.* (1965), 55 Ill. App. 2d 379, 204 N.E.2d 607.) Bauman asserts that his signature with the attendant phrase "of Bauman Insurance" indicates that he signed the indemnity agreement as agent for Bauman Insurance, and not as an individual.

We do not agree. The indemnity agreement would be rendered meaningless and its purpose defeated if Bauman Insurance was considered by its terms to be indemnitor of its own obligation to perform its

agency agreement with plaintiffs. It, of course, was already obliged to do so by that contract. The indemnity agreement identified the signatory as being a stockholder or officer of the agency who expressly bound himself to plaintiffs to indemnify them for any loss or expense incurred by plaintiffs by reason of a failure of the corporation to perform its duties. The phrase "of Bauman Insurance" creates no ambiguity (*Public Relations Board, Inc. v. United Van Lines, Inc.* (1978), 57 Ill. App. 3d 832, 373 N.E.2d 727), and is merely "*descripto personae*," *i.e.*, merely descriptive of the person signing rather than an indication of the capacity in which he signed. (*Mead v. Altgeld* (1891), 136 Ill. 298, 305, 26 N.E. 388; 3 Am. Jur. 2d *Agency* §193 (1962).) There is, in this case, no language in the agreement which might be subject to conflicting inferences so as to require a different conclusion. Cf. *Dunlop v. McAtee* (1975), 31 Ill. App. 3d 56, 333 N.E.2d 76; *Central States, Southeast & Southwest Areas, Health & Welfare Fund v. Pitman* (1978), 66 Ill. App. 3d 300, 383 N.E.2d 793.

Accordingly we hold that defendant Robert H. Bauman was properly joined, individually, as a defendant in count II of the complaint and that the trial court erred in dismissing it.

For these reasons the judgment of the Circuit Court of McHenry County is reversed, and this matter is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.