KNIGHTSBRIDGE REALTY PARTNERS, LTD-75, Plaintiff-Appellant, *v.* JOSEPH A. PACE, Defendant-Appellee.

First District (3rd Division)   No. 80-1799

Opinion filed October 7, 1981.

Bishop & Crawford, Ltd., of Oak Brook (Carl A. Neumann, John N. Dore, and Donald B. Garvey, of counsel), for appellant.

Lonny Ben Ogus, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Knightsbridge Realty Partners, Ltd., appeals from the denial of its post-trial motion requesting the trial court to vacate its order dismissing plaintiff's complaint with prejudice and seeking leave to amend the complaint. By its complaint against defendant, Joseph A. Pace, plaintiff had sought damages for breach of a personal guaranty contract and for fraudulent misrepresentation.

Defendant is President of Elmore Medical Building, Ltd. After negotiating a sale and leaseback of real estate owned by Elmore, defendant executed a purchase agreement. He signed the document as follows:

"By  /s/ Joseph A. Pace
Joseph A. Pace President."

By the terms of the purchase agreement, a lease for the premises was to be executed by the plaintiff buyer at the closing. The terms of the lease were fully set forth and attached to the agreement and incorporated therein by reference. The agreement also provided that the "lease obligation shall be personally guaranteed by Joseph A. Pace, who shall execute at the Closing a Guaranty in the form attached hereto as Exhibit "C" and incorporated by reference herein."

At the closing, plaintiff executed a lease and paid the purchase price, but defendant did not execute the formal guaranty. After Elmore defaulted on the lease payments, defendant rejected plaintiff's demand for payment.

Plaintiff filed a complaint in three counts seeking damages for breach of a personal guaranty contract and for fraudulent misrepresentation. In orders dated January 31 and February 7, 1980, the trial court dismissed all three counts with prejudice for failure to state a cause of action. On May 6, 1980, the trial court denied plaintiff's post-trial motion requesting that the dismissal orders be vacated and seeking leave to amend the complaint.

Plaintiff thereafter filed a notice of appeal from the order of May 6, 1980. Subsequently, it obtained leave of this court to file an amended notice of appeal, which stated that the appeal was from all the orders dated January 31, February 7, and May 6, 1980.

We initially address defendant's contention that there are no reversible issues before this court. Defendant first maintains that our jurisdiction is limited to the issues raised in the order of May 6, 1980, since the original notice of appeal alluded only to that order. The amended notice of appeal, he contends, filed approximately 6 months after the May 6 ruling, was untimely.

The notice of appeal must be filed within 30 days of the trial court's disposition of a timely post-trial motion directed at the judgment. (Ill. Rev. Stat. 1979, ch. 110A, par. 303.) Thereafter, the notice may be amended on motion in the reviewing court and, provided that the amendment does not specify a judgment not named in the original notice, the amendment relates back to the time of filing of the original notice. Ill. Rev. Stat. 1979, ch. 110A, par. 303(c)(4).

The original notice of appeal here states that the appeal is from the May 6, 1980, order denying the motion to vacate the earlier dismissal orders and denying leave to amend. The amended notice states that the appeal is from all three orders. Since the dismissal orders of January 31 and February 7 involve the legal issue whether the complaint on its face states a cause of action, a review of the refusal to vacate such dismissals requires an examination of the complaint for its legal sufficiency. (See *People ex rel. Endicott v. Huddleston* (1975), 34 Ill. App. 3d 799, 340 N.E.2d 662.) Hence, whether we proceed under the authority of either the original or the amended notice of appeal, our inquiry on review would be the same. We therefore decline to decide whether the amended notice was effective.

Defendant also maintains that since plaintiff's original brief in this court discusses only whether the complaint is legally sufficient and does not address whether the trial court abused its discretion in refusing to vacate its orders of dismissal, plaintiff has waived any error in the trial court's refusal to vacate. Yet, there is really one issue: does plaintiff's complaint state a cause of action? Accordingly, the briefs fully set forth the pertinent argument on this matter. Moreover, we gave leave to plaintiff to file an amended brief in which plaintiff pointed out that the abuse of discretion issue is the same as the sufficiency of the complaint issue for the purpose of the present case.

■■ Defendant also contends that plaintiff's request for leave to amend its complaint in the post-trial motion constituted an abandonment of any claim of error regarding the dismissed complaint thereby precluding this court from reviewing that dismissal. Where a pleading has been stricken and another pleading filed in its stead, the earlier pleading is abandoned and any claim of error on the original pleading is waived. (*Villareal v. Trevino* (1961), 30 Ill. App. 2d 77, 173 N.E.2d 582.) But where, as here, the original pleading was stricken with prejudice, and the movant also

requested in its motion that the trial court vacate its dismissal order as to the first complaint, we do not believe that an abandonment has occurred. (Cf. *Field Surgical Associates, Ltd. v. Shadab* (1978), 59 Ill. App. 3d 991, 376 N.E.2d 660.) We therefore turn to plaintiff's argument that the trial court erred in dismissing its complaint.

■■ In count I, plaintiff seeks damages for breach of a personal guaranty contract. Such a contract is subject to the usual standards governing contracts in general. (*Blackhawk Hotel Associates v. Kaufman* (1981), 85 Ill. 2d 59, 421 N.E.2d 166.) Defendant maintains that the purchase agreement is not a binding contract to personally guarantee payment since, by its terms, it contemplated the later execution of a formal guaranty contract at the closing. Whether a written agreement which includes essential contract terms but which contemplates the execution of a formal contract is a mere negotiation or is itself a binding contract depends upon the intent of the parties. (*Interway, Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615.) If by the terms of the agreement it is clear that the parties intended to make the later execution of the contract a condition precedent to the formation of a binding contract, then the prior writing is not a contract. *Terracom Development Group, Inc. v. Coleman Cable & Wire Co.* (1977), 50 Ill. App. 3d 739, 365 N.E.2d 1028.

In the present case, we believe that the intent of the parties as to the effect of the later writing requirement is not clear from the terms of the purchase agreement. The writing states only that defendant "shall execute" the personal guaranty at the closing according to terms identical to an attached copy of the written guarantee. The present agreement is wholly unlike that in *Interway, Inc.*, which expressly provided that the contract obligations at issue were "subject to" the execution of the formal document. Similarly, the intent that a formal contract was a condition precedent to the formation of a binding agreement was clear in *Terracom Development Group, Inc.* There, the letter of intent expressly stated that the agreement would not be binding until the later execution of a contract satisfactory to the parties.

■■ We believe the present case, therefore, is governed by the rule enunciated in *Huegel v. Sassaman* (1979), 75 Ill. App. 3d 414, 393 N.E.2d 1361. While parol evidence may not be admissible to show whether the parties intended that an act be a condition precedent to the *performance* of an obligation, it is admissible to show that they intended a condition precedent to the *formation* of a contract. (See also *Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 295 N.E.2d 28.) Indeed, Professor Corbin states that parol evidence such as the parties' subsequent conduct and statements, and usage and custom "may be decisive of the question whether a contract has been made even though a document was contemplated and has never been executed." (Corbin, Contracts §30, at 105, 109 (1963).)

Accordingly, we cannot rule, on the face of these pleadings, that there is no set of facts provable by plaintiff that could show that a contract to guarantee arose between the parties despite the absence of the later execution of the formal contract.

■■ ■ Defendant next maintains that, as a matter of law, the purchase agreement is not binding against him personally because he signed in his capacity as agent for Elmore. The agent of a disclosed principal is not personally bound by the terms of the contract which he executes in behalf of his principal unless he agrees to be personally liable. (*Western Casualty & Surety Co. v. Bauman Insurance Agency* (1980), 81 Ill. App. 3d 485, 401 N.E.2d 614.) The intent to be personally bound may be express or may be inferred from all the facts. (*Western Casualty & Surety Co. v. Bauman Insurance Agency*.) When the agent signs the document and indicates next to his signature his corporate affiliation, then absent evidence of contrary intent in the document, the agent is not personally bound. (*Dunlop v. McAtee* (1975), 31 Ill. App. 3d 56, 333 N.E.2d 76.) But where language in the body of the document conflicts with the apparent representation by the agent's signature, an issue of fact as to the agent's intent arises which is sufficient to withstand a motion to dismiss. See *Central States Health and Welfare Fund v. Pitman* (1978), 66 Ill. App. 3d 300, 383 N.E.2d 793.

In the present case, such a conflict exists. Defendant signed his name followed by the word President, evincing an intent to sign only in a representative capacity. In the body of purchase agreement, however, it is stated that the defendant shall execute a personal guaranty at closing. Under these circumstances, we cannot say that there is no set of facts under which plaintiff could show that defendant intended to bind himself when he signed the purchase agreement. See *Central States Health & Welfare Fund v. Pitman.*

■■ Cases relied upon by defendant are distinguishable from the present case. In both *Kankakee Concrete Products Corp. v. Mans* (1980), 81 Ill. App. 3d 53, 400 N.E.2d 637, and *Donaghey v. Executive Funding Corp.* (1977), 45 Ill. App. 3d 951, 360 N.E.2d 472, a statute governing negotiable instruments precisely dictated the holding that an agent signing as president did not bind himself personally. We conclude here that the trial court erred in dismissing count I of plaintiff's complaint.

In count III, plaintiff seeks damages for fraudulent misrepresentation. To state such an action there must be alleged: a false statement of a material fact, made by one with knowledge of its falsity to induce another to act, upon which another reasonably relies without knowledge of its falsity and thereby suffers damage. (*Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 356 N.E.2d 653.) For purposes of count III, we will assume that the parties did not intend to form a contract for the guarantee until the closing, for if defendant was contractually bound

upon the signing of the purchase agreement, the later failure to execute the guarantee at the closing was not material and the action for fraud would clearly fail.

■■ Generally, the misrepresentation must be a past or present fact; there can be no recovery for a false representation of intention or future conduct. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634; *Willis v. Atkins* (1952), 412 Ill. 245, 106 N.E.2d 370.) Hence, a mere promise made with intent not to fulfill the promise is not actionable fraud. (*Willis v. Atkins*.) An exception to the general no recovery rule exists, however, where the fraudulent conduct is alleged to be the scheme used to accomplish the fraud. (*Steinberg v. Chicago Medical School*.) We need not address the applicability of the scheme to accomplish the fraud exception here, however, because we believe that plaintiff's complaint for false representation must fail. Plaintiff alleges that the false representation was the promise by defendant to deliver the guaranty contract at the closing. It is also alleged that defendant appeared at the closing, but did not deliver the contract, thus not fulfilling his promise. Yet, it is alleged that in reliance on defendant's promise, plaintiff paid the purchase price at the closing. Where, as here, the falsity of the representation is known to plaintiff, it is not reasonable to persist in relying upon the representation. As a matter of law, plaintiff could not have been induced by defendant's representations to pay the purchase price at the closing when at the same time defendant did not deliver the guaranty. (*Illinois Rockford Corp. v. Kulp* (1967), 88 Ill. App. 2d 458, 232 N.E.2d 190.) Accordingly, count III was properly dismissed for failure to state a cause of action.

The trial court also properly dismissed count II. It is in every significant respect identical to count I which also seeks damages for breach of contract. The only distinguishing allegation in count II is that the terms of the guaranty were incorporated by reference within the purchase agreement. Nevertheless, language to the same effect is in the purchase agreement itself which was attached as an exhibit to the complaint. The exhibit is part of the pleadings (Ill. Rev. Stat. 1979, ch. 110, par. 36), and is therefore already included in count I. Count II is repetitious and unnecessary, and the court properly dismissed it.

For the foregoing reasons, the order of the circuit court of Cook County refusing to vacate its order dismissing counts II and III of plaintiff's complaint is affirmed. The order refusing to vacate the dismissal of count I is reversed and the cause is remanded for further proceedings.

Affirmed in part; reversed and remanded in part.

McGILLICUDDY and WHITE, JJ., concur.