FLORENCE B. REICHERS, Plaintiff, *v.* PAULINE S. FENN, Defendant.

Supreme Court, Nassau County, June 21, 1943.

*Wise, Shepard, Houghton & Lebett* for plaintiff.

*Wood & Gehrig* for defendant.

STODDART, J. The plaintiff landlord claims that $600 is due under the terms of a written lease. The defendant concedes that $100 is due and tenders payment in that amount. The lease was for a term of six months, commencing September 15, 1942. It contained a clause permitting the lessee to cancel the lease " after the fifteenth day of December  *  *  *  by giving the landlord thirty (30) days written notice of termination of this lease and agrees to pay the rent to the end of the calendar month following that in which the notice is given  *  *  *." The defendant vacated the premises on December 15th, after having given notice on October 28th that she intended to vacate the premises on January 1, 1943.

It is the plaintiff's contention that as no notice was given after December 15th, the defendant was liable for the balance of the term. The defendant declares the notice given on October 28th was sufficient.

Reliance is placed upon *Woodbridge Co.* v. *Hires Co.* (19 App. Div. 128, affd. 163 N. Y. 563) by counsel for both sides. That case holds that where the lease provided that a lessee could terminate the lease " at and from the first day of September, 1895, by giving thirty days' written notice ", the only day upon which the option could be exercised was September 1st, and as the notice had not been given thirty days prior to that

date, the attempted termination was ineffective. Following that decision it must be held in this case that a notice had to be given thirty days prior to December 15th in order to cancel the lease on that date. To hold that the notice could not be given prior to December 15th, would be holding that the lease could not be terminated before January 15th, which is directly contrary to the express language of the lease. Neither counsel contends that the instant lease could be canceled on December 15th and on no other date, although if it were to be held that the word " after " is synonymous with the word " from," as the plaintiff urges, that conclusion would follow under the cited case. That the words " after " and " from " are not synonyms is clear from reading any standard dictionary. This lease could be terminated upon any date subsequent to December 15th, providing thirty days' notice had been given prior thereto.

In the light of the foregoing, it is held that the written notice complied with the terms of the lease, and, as the defendant vacated the premises prior to the date stated in the notice, the defendant owes $100 and, therefore, the defendant's motion for summary judgment is granted and the cross motion by the plaintiff is denied.

Settle order on notice.