*In re* ESTATE OF ALLEN M. KITE—(DENNIS S. KITE, Claimant-Appellant, *v.* BARBARA L. KITE, Executor-Appellee.)

(No. 58247;

First District (3rd Division)—May 2, 1974.

Shaffer, Seelig, Haberman & Shapiro, of Chicago (Ellis Shaffer and Lewis R. Shapiro, of counsel), for appellant.

Dore & O'Toole, of Chicago (John J. O'Toole, of counsel), for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

This matter involves a claim filed in the circuit court of Cook County by Dennis Kite against his father's estate to recover damages allegedly caused by the failure of his father to maintain in full force certain life insurance policies wherein the claimant was named beneficiary. After a hearing, the trial court granted the estate's motion to dismiss the claim, and claimant appeals.

The decedent, Allen M. Kite, and June H. Kite were married in 1944. Their son, the claimant, was born in 1945.

On June 29, 1950, a decree of divorce was awarded in Cook County to June Kite against Allen Kite. In addition to providing for alimony, child support and other property rights, the decree provided in pertinent part as follows:

"That defendant (Allen M. Kite) shall pay the premiums necessary to keep in force three (3) life insurance policies previously issued on the life of the defendant, by the State Mutual Assurance Company of Worcester, Massachusetts, each of said policies being in the face amount of Five Thousand Dollars ($5,000.00), and the defendant shall name Dennis Sherman Kite as the primary and sole beneficiary in said policies."

The decree further provided that on May 25, 1950, the parties had entered into a property settlement agreement. That agreement in pertinent part is as follows:

"First party (Allen M. Kite) agrees that Dennis Sherman Kite shall be named as the primary and sole beneficiary in the following life insurance policies, previously issued on the life of first party, by the State Mutual Assurance Company of Worcester, Massachusetts, each of said policies being in the face amount of Five Thousand Dollars ($5,000):

Policy No. 548,061 Ex;
Policy No. 559,963 Ex; and
Policy No. 568,799

First party further agrees to pay all premiums that may be due,

or become due, to keep said policies in full force and effect, and agrees that he will not remove the name of the said child as beneficiary of said policies, without the written consent of second party (June H. Kite) first had and obtained."

Thereafter, decedent never attempted to change the claimant as beneficiary, but did make loans from the insurance company on the three policies. He also failed to pay certain premiums on these policies. The result was that decedent had reduced paid-up insurance with the three companies at the time of his death, July 26, 1971. Instead of the $15,000 recited in the decree and property agreement, claimant received $4,132.93 as proceeds of the three policies.

However, in addition to the aforesaid $4,132.93, the claimant received the proceeds of six other insurance policies taken out by the decedent on his life and naming the claimant as beneficiary. Claimant received total proceeds in the amount of $16,171.30 on these six additional policies taken out by his father. As a result, claimant received total life insurance proceeds of $20,304.23 arising from his father's death.

Claimant maintains on appeal that the loans against the three policies along with decedent's failure to pay all of the premiums on the three policies prevented the three policies from remaining in full force and effect, therefore violating the terms of the divorce decree and property settlement agreement, and exposing the estate of decedent to liability for damages in the amount of the total deficiencies of the three policies, $10,867.07.

■■ In interpreting the provisions of a divorce decree and property settlement agreement, the normal rules for the construction of contracts are applicable. (*Vinci v. Vinci* (1970), 131 Ill.App.2d 496, 266 N.E.2d 379.) We seek to give effect to the intention of the parties. (*Brandel v. Brandel* (1966), 69 Ill.App.2d 264, 216 N.E.2d 21.) The intentions of the parties must be determined from the language of the instrument itself, unless the instrument is incomplete or the language is ambiguous. (*Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill.2d 105, 251 N.E.2d 242.) Where an ambiguity exists, the substance of the agreement, rather than the form, must control. *Richheimer v. Richheimer* (1972), 9 Ill.App.3d 376, 292 N.E.2d 190.

■■ We observe initially that a literal reading of the divorce decree and property settlement agreement suggests that decedent complied with their terms. He maintained the claimant as his beneficiary. He paid sufficient premiums due to keep the policies in force. Neither document prevented the decedent from borrowing money on the policy. But more importantly than the literal reading of the decree and agreement, an examination of their contents reveals that the parents' primary intention

was that insurance proceeds of $15,000 would be available to the son at the death of his father. Although the three policies were enumerated, the actual dollar amount to be made available clearly was of principal importance to the parties. At the time of the father's death, claimant expected, according to the terms of the decree and agreement, to receive insurance proceeds in the amount of $15,000. In fact, he received $20,304.23 in proceeds. Even if a violation of the decretal terms existed, claimant has not shown any damages resulting therefrom. Of course, if insurance proceeds in an amount less than $15,000 had been made available to claimant, he would have a proper claim against his father's estate. Under the facts and circumstances of the present case, the trial court correctly dismissed his claim.

Cases cited by claimant, *Sniader v. Sniader* (1963), 40 Ill.App.2d 384, 188 N.E.2d 255, and *Genung v. Hagemann* (1968), 103 Ill.App.2d 409, 242 N.E.2d 790, are clearly distinguishable from the present case. In *Sniader* the evidence was undisputed that the husband was to pay a specific amount for the premiums involved in a recited number of years, and that the wife was to have ownership of the policy. The court held, therefore, that under such circumstances the decree would not permit the husband to make loans to pay the policy premiums. The case is also distinguishable factually from the instant case. In *Genung* the court held that a breach of contract by a decedent subjects his estate to a liability for damages. The legal proposition is sound, but even if a decretal violation is conceded in the present case, the claimant has failed to demonstrate any damages.

For the reasons stated, the order of the circuit court of Cook County dismissing claimant's claim is affirmed.

Order affirmed.

McGLOON and MEJDA, JJ., concur.