EDWARD D. BENNINGHOVEN, Plaintiff-Appellee, *v.* FRANCES F. BENNINGHOVEN, Defendant-Appellant.

Second District (2nd Division)   No. 75-450

Opinion filed June 14, 1976.

Barbara Lundergren, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Edward D. Benninghoven, of Chicago, for appellee, *pro se.*

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals the construction of a provision originally contained in a separation agreement between the parties and subsequently

incorporated into the parties' divorce decree. The contested provision reads as follows:

"Plaintiff shall pay to defendant as additional allowance hereunder an amount equal to one-third of all proceeds heretofore paid to him under the Continental Employees Profit Sharing Plan, dated January 11, 1960, as amended. Proceeds distributed in securities still held by plaintiff as of the date of this decree shall be valued as of this date. Securities received but heretofore sold shall be valued as of the date of sale. Plaintiff shall pay such sum to defendant within 60 days hereof, subject to retention of one-third the estimated federal income taxes attributable to such profit sharing payment, with adjustment to be made at the time the tax liability is determined, but not later than April 15, 1975. Plaintiff shall pay defendant one-third of all interest earned by him on the investment of the tax monies."

Plaintiff's portion of this plan amounted to 661 shares of Conill Corporation stock with an aggregate value of $34,286.07, and $104,940.78 in cash, for a total distribution of $139,226.85, all of which was transferred to him in December of 1973.

Following the entry of the divorce decree on May 9, 1974, plaintiff, after subtracting $25,433 to cover estimated taxes, computed defendant's share of the Plan's proceeds to be $29,454. On July 8, 1974, plaintiff transferred to defendant 605 of the 661 shares of Conill Corporation stock and a check for $35.88 in satisfaction of his obligation. On the date of the decree (the same date as the valuation), the stock was worth 48⅝ dollars per share for a total of $29,418.12, but by the date of transfer (July 8), the value of each share had declined considerably. On February 28, 1975, defendant filed with the trial court a petition for rule to show cause alleging that because of plaintiff's method of distribution, she had suffered an economic loss of $14,500 due to the depreciation in the value of the Conill Corporation stock. Defendant petitioned for an order directing plaintiff to transfer to her one-third of each asset, stock and cash, less one-third of the total taxes.

This petition, a petition for rehearing, and a supplemental petition, all asserting the invalidity of plaintiff's distribution, were denied. Defendant appeals[1] contending that she is entitled to receive one-third of each asset contained in plaintiff's share of the profit sharing plan.

---

[1] Defendant has filed a motion to strike plaintiff's answering brief. Although we grant defendant's motion on the basis of plaintiff's failure to comply with the substantive sections of Supreme Court Rule 341 (Ill. Rev. Stat. 1973, ch. 110A, §341), we nonetheless, rule on the merits of this appeal in accordance with the Supreme Court's recent decision in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), wherein the court stated that "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal."

In interpreting the provisions of a property settlement, the rules used in the construction of contracts apply. Our prime function in this regard is to ascertain the intent of the parties and to interpret the provision in a fair and reasonable manner. See *Breuer v. Breuer*, 4 Ill. App. 3d 179, 183 (1972).

We find that plaintiff met his responsibility when he transferred to defendant 605 shares of Conill Corporation stock and $35.88 in cash within the allotted 60 days. Defendant's position, that she is entitled to one-third of each asset comprising plaintiff's share, is simply untenable under a reasonable interpretation of the language in this provision of the decree. The provision, which was drafted by defendant's representative, calls for plaintiff to pay to defendant "an amount *equal to* 1/3 of all proceeds." It does not direct plaintiff to remit to defendant 1/3 of each asset. Accordingly, we affirm the trial court's denial of defendant's petitions.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.