GLADYS HALPER, Plaintiff-Appellee, *v.* LAURANCE HALPER, Defendant-Appellant.

First District (1st Division) No. 76-1107

Opinion filed February 14, 1978.

Avrum N. Andalman and Arnold L. Cohen, both of Andalman, Andalman & Cohen, of Chicago, for appellant.

Gerson B. Field, of Lisco & Field, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The instant appeal involves the interpretation of the alimony provisions contained in a decree for divorce entered on October 14, 1966. On February 1, 1973, defendant filed a post-decretal motion captioned "petition for Declaration of Rights and Construction of Divorce Decree." In this petition the defendant alleged that the decree was ambiguous insofar as it related to the matter of alimony and in need of clarification and construction by the court. After a hearing on the petition, the trial court found the agreement to be unambiguous and needless of construction or interpretation. From this order defendant now appeals.

On appeal defendant contends that an ambiguity exists in the decree of divorce and that therefore the cause should be remanded for an evidentiary hearing on the intention of the parties concerning the alimony provisions.

We affirm with directions.

The pertinent portion of the decree of divorce under dispute is paragraph 7(e) thereof which provides:

"That the defendant shall pay to the plaintiff, in lieu of alimony and support and maintenance, the sum of $700.00 per month, which monthly payments shall commence on the date of the entry of this decree and shall terminate upon the plaintiff attaining the age of 65 years. If the plaintiff shall have remarried prior to attaining the age 65 years the defendant shall continue to pay the sum of $700.00 until the sum of $70,100.00 has been paid. In the event the plaintiff shall predecease the defendant prior to age 65, if she is married or unmarried at the time of her death, and the sum of $70,100.00 has not been paid in full, the defendant shall continue to make said

monthly payments to her estate or personal representative until the total sum of $70,100.00 has been paid. If the plaintiff is unmarried at the time of her death and the sum of $70,100.00 has been paid, then all payments thereafter shall be suspended and terminated forever. In the event of the death of the defendant prior to the payment and discharge by him in full of the sum of money herein ordered to be paid, any part or portion thereof due and owing at the time of his said death, together with any balance thereof becoming due and payable thereafter, shall be deemed to constitute * * * [a] charge upon [his] estate. * * *"

Paragraph 7(e) concludes with a provision that the husband "as security for the payment of said sum of $70,100.00" deposit with the wife's brother, Gersen B. Field, certain shares of stock owned by the husband.

Defendant petitioned the court to determine whether the alimony constituted permanent alimony or alimony in gross and, if alimony in gross, the amount of such alimony. Defendant also alleged that it was the intent of the parties to limit the sum of alimony to $70,100 and made an offer of proof that he entered into the agreement with the understanding that alimony would be limited to $70,100. After a hearing, the trial court concluded that the alimony provisions in the decree were unambiguous; that such payments constituted alimony in gross; and that under the terms of the decree the monthly payments were to continue until plaintiff attained the age of 65 provided certain events, such as the plaintiff's remarriage, did not intervene beforehand.

During the pendency of this appeal, defendant filed a motion in this court which alleged that the plaintiff had remarried in September of 1977, subsequent to the trial court's order from which this appeal is taken. The motion requested this court to terminate the payment of any future alimony. Pursuant to leave of this court, the parties filed supplemental briefs and a stipulation of facts. This stipulation indicated that Gladys Halper had remarried on September 29, 1977, and had not attained the age of 65 years prior to her remarriage; that defendant had paid the plaintiff $76,950 in alimony from the time of the divorce decree to September of 1976, at which time this court granted appellant leave to make deposits of alimony with the clerk of the circuit court; and that defendant made further deposits of alimony with the clerk in the amount of $5,900 on a claimed arrearage and 12 monthly deposits of $700 making a total sum of $14,300 deposited prior to the remarriage of the appellee.

Considering the above stipulated facts which indicate that plaintiff has remarried and that she has already received in excess of $70,100, we ordered, pursuant to the remarriage provision in the decree, that all alimony payments cease as of the date of plaintiff's remarriage.

In his supplemental brief filed pursuant to leave of court defendant

raises the additional argument that in light of the fact that plaintiff has remarried, the decree limits her to $70,100. Defendant points out that he has already paid plaintiff $76,950 and has deposited an additional $14,300 with the clerk of the court. Defendant then requests this court to reverse the trial court's order and to enter an order returning to him the $14,300 deposited with the clerk, requiring the plaintiff to refund $6,850 in excess of $70,100 already paid to her, and requiring Gersen B. Field to return to defendant all stocks held as security for alimony payments.

In interpreting the provisions of a divorce decree and property settlement agreement, the normal rules for the construction of contracts are applicable. (*In re Estate of Kite* (1974), 19 Ill. App. 3d 932, 312 N.E.2d 366.) If a contract is judicially construed, the primary purpose of such construction is to ascertain and, where possible, give effect to the intentions of the parties. (*Unique Watch Crystal Co. v. Kotler* (1951), 344 Ill. App. 54, 99 N.E.2d 728; *Olson v. Rossetter* (1948), 399 Ill. 232, 77 N.E.2d 252.) However, a court will not resort to rules of construction where the language of a contract is clear and its meaning unambiguous (*Nerone v. Boehler* (1976), 34 Ill. App. 3d 888, 340 N.E.2d 534), and where a contract is unambiguous the instrument itself is the only source of the parties' intentions. (*Herbert Shaffer Associates, Inc. v. First Bank* (1975), 30 Ill. App. 3d 647, 332 N.E.2d 703.) In such a case the contract's meaning must be determined from the words of the contract itself. (*John Gabel Manufacturing Co. v. Murphy* (1945), 390 Ill. 455, 62 N.E.2d 401.) Furthermore, in determining whether there exists an ambiguity requiring resort to evidence beyond the decree itself, the entire decree, not merely an isolated part thereof, should be considered. (*Wilkin v. Citizens National Bank* (1938), 298 Ill. App. 38, 18 N.E.2d 251.) Generally, an ambiguity exists where words are fairly susceptible of being understood in more than one sense. *First National Bank v. Victor Comptometer Corp.* (1970), 123 Ill. App. 2d 335, 260 N.E.2d 99.

In the instant case the trial court found the alimony provisions of the decree to be unambiguous and, in accordance with the above rules of law, ordered that defendant's offer of proof be denied and dismissed defendant's petition for clarification and interpretation of the terms thereof.

We agree with the trial court and believe that the instant alimony provisions are susceptible of fairly being understood in one sense only. The basic provision provides for the payment of $700 per month until the plaintiff reaches the age of 65. This basic provision is qualified by the happening of certain contingencies prior to the plaintiff's reaching age 65. There is nothing ambiguous in this.

In arguing that the alimony provisions are ambiguous defendant points out that plaintiff will be 65 on June 27, 1988, and that $700 per month from

the time of the entry of the decree to that date would total $182,000 and that said sum is nowhere set forth in the agreement; that the numerous references in the decree to "said sum" are to the sum $70,100. We might add to defendant's argument the fact that the alimony provisions conclude with another mention of the specific sum of $70,100, *i.e.*, the husband shall deposit certain shares of stock "as security for the payment of said sum of $70,100.00." In essence, defendant argues that under the decree he was liable for no more than $70,100.

■■ After reviewing the decree in its entirety, we fail to see that it is fairly susceptible to more than one interpretation. The basic provision is for $700 per month until the age of 65 and this provision is limited by the happening of certain contingencies. It is true that barring the happening of any of the contingencies the basic agreement would total $182,000 and that this specific sum is nowhere mentioned in the decree. However, we fail to see the significance of this fact. The sum $70,100 is not set forth in the above basic provision, but only where the agreement mentions certain contingencies. Under the clear working of the decree, $70,100 could operate as a maximum payable under the decree only if plaintiff remarries or dies before the sum of $70,100 has been paid. We likewise attach no great significance to the concluding paragraph of the alimony provisions which require defendant to set aside certain shares of stock as collateral for the sum of $70,100. The significance of this provision is that alimony was secured up to $70,100. It in no way indicates a maximum amount payable.

■■ During the pendency of this appeal, plaintiff remarried and we are thus confronted with a factor not considered by the trial court. The remarriage provision states that if the wife remarries prior to reaching 65 years of age the husband should continue to pay $700 per month until $70,100 has been paid. In the instant case, at the time of the wife's remarriage, pursuant to the $700 per month provision, she had already received more than $70,100. In this regard, the defendant argues that the remarriage provision is specifically limited to $70,100 and that said provision never even considers the possibility that a sum greater than $70,100 could be paid and is silent concerning the specific situation presented to this court, *i.e.*, remarriage of the plaintiff after $70,100 has already been paid. We realize that the instant situation does not fit conveniently into the above remarriage provision. However, we see no ambiguity. In determining whether an ambiguity exists, the agreement should be considered as a whole and we must consider the remarriage provision together with the other provisions. (*Wilkin v. Citizens National Bank* (1938), 298 Ill. App. 38, 18 N.E.2d 251.) When the remarriage provision is considered together with the basic provision providing for $700 per month up to age 65, the agreement is fairly susceptible to only

one meaning. If plaintiff remarries before she reaches 65 and at the time of her remarriage has received $70,100 or more, as in the instant situation, she is entitled to all monies received under the $700 per month until age 65 basic provision. In such a situation, the only fair interpretation of the remarriage provision is that it terminates all alimony payments subsequent to the remarriage.

■■ Plaintiff raises the additional issue in her supplemental brief that defendant owes her $500 in addition to the $76,950 she has received in alimony and the $14,300 on deposit with the clerk of the circuit court. Our calculations indicate that $700 per month from the date of the decree (October 14, 1966) to the date of remarriage (September 29, 1977, is roughly $92,050, $800 more than what plaintiff has received plus the amount on deposit with the clerk. We therefore order defendant to pay the additional $500 sought in this appeal.

For the foregoing reasons, we affirm the order of the circuit court of Cook County. We further direct the clerk of the circuit court of Cook County to pay the $14,300 now on deposit to the plaintiff-appellee and direct defendant to pay plaintiff an additional $500 in arrearage. We further direct Gersen B. Field to return to defendant all shares of stock held as security for the alimony payments.

Order affirmed with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.