THE PUBLIC RELATIONS BOARD, INC., Plaintiff-Appellee, *v.* UNITED VAN LINES, INC., Defendant-Appellant.

First District (3rd Division)   No. 77-860

Opinion filed February 22, 1978.

Walter Ketchum and James R. Madler, both of Chicago, for appellant.

Friedman & Koven, of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
The defendant, United Van Lines, Inc., appeals from the entry of summary judgment by the Circuit Court of Cook County for the plaintiff, The Public Relations Board, Inc. This dispute arose over the interpretation of a termination clause in an agreement between the parties. The defendant contends that the circuit court's interpretation of the agreement was erroneous.

The facts revealed that the plaintiff entered into a written agreement with the defendant on November 25, 1974, whereby the plaintiff was to provide various public relations and sales promotional services to the defendant. The agreement provided, inter alia, for services to begin on January 1, 1975, at an annual retainer fee of $55,000 plus expenses supported by invoice. Billing for the annual fee and expenses was done monthly. The clause in the agreement giving rise to this dispute provided:

> "This letter of agreement automatically would be renewed on December 31, 1975, but may be cancelled by either party with 60 days advance written notice any time after December 31, 1975."

The defendant notified the plaintiff on October 13, 1975, that it intended to cancel the agreement effective December 31, 1975. The plaintiff disputed the defendant's right to cancel on that date claiming that the earliest the defendant could cancel the agreement was February 29, 1976, 60 days after December 31, 1975.

The plaintiff filed this action to recover certain unpaid expenses incurred in November and December 1975 and its retainer fee for the months of January and February 1976. The trial court agreed with the plaintiff's interpretation of the contract, awarding summary judgment for $9,752.37, the amount requested. The order of the trial court recited that no material issues of fact existed and that the contract was unambiguous. The exhibits and affidavit supporting the motion for summary judgment related solely to the issue of damages.

■■ In the trial court both parties took the position that the contract was unambiguous. As such, they argued that the court should interpret it without resort to parol or extrinsic evidence. Whether a contract is ambiguous is a question of law. (*Gaffney v. William J. Burns Detective Agency International, Inc.* (1973), 12 Ill. App. 3d 476, 299 N.E.2d 540.) As stated in *Whiting Stoker Co. v. Chicago Stoker Corp.* (7th Cir. 1948), 171 F.2d 248, 250-51, *cert. denied* (1949), 337 U.S. 915, 93 L. Ed. 1725, 69 S. Ct. 1155:

"A contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions; it is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends. 17 C.J.S., Contracts, §294, and cases there cited. Contracts are not rendered ambiguous by the mere fact that the parties do not agree upon their proper constructions."

The plaintiff's position is that "any time after December 31, 1975," refers to when notice of cancellation could have been given. The defendant's position is that the above-quoted language refers to the date after which the agreement could have been cancelled as long as two months written notice had been given. We believe that the trial court was correct in deciding that the agreement was not ambiguous, but we find that it was error as to the interpretation decided upon.

■■ When we interpret a contract, we must effectuate the intention of the parties involved. (*Schek v. Chicago Transit Authority* (1969), 42 Ill. 2d 362, 247 N.E.2d 886.) When a contract is unambiguous, the parties' intent must be gleaned solely from the language used. (*Gaffney v. Burns Detective Agency*.) A contract should be given a fair and reasonable interpretation based upon a consideration of all its language and provisions. *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272.

The record shows that the agreement was for an annual retainer fee payable in equal monthly installments. The interpretation which plaintiff urges upon us would effectively turn a contract initially intended to extend 12 months into one which could terminate only after 14 months. Considering all of the language and provisions of the agreement, we think that the defendant's interpretation is the proper one. See *Reichers v. Fenn* (Sup. Ct. 1943), 181 Misc. 916, 50 N.Y.S.2d 221.

The plaintiff relies on *Brandenburg v. Buda Co.* (1921), 299 Ill. 133, 135, 132 N.E. 514, but we find that case to be inapposite. There the disputed clause of the contract read:

"[T]his contract shall take effect from its date and shall continue to July 1, 1916, and from year to year thereafter unless either party may wish to terminate this contract, which may be done on any year thereafter by giving the other party a notice in writing of their intention to so terminate this agreement sixty days prior to July 1 of any year thereafter ° ° °."

Notice of an intention to terminate on July 1, 1916, was given on April 21, 1916. The court held that under the contract the earliest the contract could be terminated would be July 1, 1917. Because of the difference in

language, we think that *Brandenburg v. Buda* is not pertinent to an interpretation of the agreement in the instant case.

In conclusion, we find that the trial court erred in interpreting the agreement, but otherwise there being no issue of material fact the case was appropriate for summary judgment. The amount of damages should be reduced by $9,166.66, the amount attributable to the plaintiff's fee for the months of January and February 1976. The defendant has not raised any issue as to the damages for expenses incurred in November and December of 1975. Accordingly, the judgment of the Circuit Court of Cook County will be affirmed, but the damages will be reduced to the sum of $585.71, the amount owing on the invoices for November and December of 1975.

Judgment affirmed as modified.

JIGANTI, P. J., and McNAMARA, J., concur.