*In re* MARRIAGE OF MYRON THADEN, Petitioner-Appellant, and JUDITH L. THADEN, Respondent-Appellee.

First District (1st Division)   No. 83—898

Opinion filed November 14, 1983.

Howard Levine and Ross Shugan, both of Harvey, for appellant.

Kaufman, Litwin & Zurla, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

On August 23, 1977, a judgment for divorce was entered between Judith Thaden and Myron Thaden. The parties had two minor children, ages 15 and 11 respectively, at the time of the divorce and custody was granted to the wife. On October 4, 1982, the husband, Myron Thaden, filed his petition for modification, which petition was dismissed on motion of the wife, and this appeal followed:

The issue presented on appeal is whether the trial court's holding that the support provision was nonmodifiable and its resultant dismissal of the petition to modify support was improper.

The judgment for divorce predated the enactment of the Illinois Marriage and Dissolution of Marriage Act which became effective on October 1, 1977. Section 502(f) of the Act provides as follows:

"(f) Except for terms concerning the support, custody, or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of a separation agreement set forth in the judgment are automatically modified by modification of the judgment." (Ill. Rev. Stat. 1981, ch. 40, par. 502(f).)

The judgment for dissolution entered on August 23, 1977, incorporated a settlement agreement which provided in part as follows:

"5. That the Counter-Defendant (Husband) shall pay to the Counter-Plaintiff as and for a lump sum settlement in lieu of Alimony for the Counter-Plaintiff and including child support for the two minor children of the parties, the sum of $1,000.00 per month for a period of 121 months, said sum not to be defeasible upon any condition whatsoever except the death of the Counter-Plaintiff. And shall not terminate upon the emancipation of the parties children, or a change in their physical custody.

6. That any unpaid balance on the aforesaid lump sum settlement shall be a claim against the estate of the Counter-Defendant in the event of his death.

7. That the Counter-Plaintiff shall have the right to remarry without any defeasance in the lump sum settlement.

8. That the Counter-Plaintiff may hereafter derive income from employment or from other sources; and the fact that the Counter-Plaintiff may derive such income shall not be grounds for a diminution in child support."

The husband filed his petition for modification of the judgment for divorce almost five years later on October 4, 1982, alleging in part

that there was a material and substantial change in circumstances consisting of a reduction in his income, the coming to majority of the older child, with the husband paying a portion of her college expenses, and the wife's increased income.

The wife filed a response to said petition by way of a motion to dismiss claiming,

"4. That while it is true that child support is always modifiable, it was the intention of the parties that in the event child support was modified and reduced, notwithstanding that fact, that a like sum of money would be given to the Defendant and Counter-Plaintiff herself in terms of her support so that she would always receive the sum of One Thousand Dollars ($1,000.00) per month for a period of 121 months which is why paragraph five (5) provided that even if the children were not residing with the Defendant and Counter-Plaintiff or had become emancipated so that she no longer needed any money for their support, she would still receive the stipulated sum of One Thousand Dollars ($1,000.00)."

The husband contends that there was no language in the agreement mandating a reimbursement to the wife of any reduction in support and that *Powers v. Powers* (1979), 69 Ill. App. 3d 485, 388 N.E.2d 76, *Weber v. Weber* (1979), 77 Ill. App. 3d 383, 396 N.E.2d 43, and *In re Support of Burks* (1981), 100 Ill. App. 3d 700, 427 N.E.2d 353, stand for the proposition that despite any language purporting to limit or preclude modification, any agreement which includes child support is modifiable. The husband also argues that section 502(f) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 502(f)) may preclude the modification of all types of provisions in property settlement agreements except those concerning the support, custody or visitation of children.

The wife argues that none of the cases cited are applicable to the instant case because in none of the cited cases did the father agree that in the event child-support payments were to be terminated or reduced that he would pay a like amount to his former spouse as maintenance. Here, the husband did make such an agreement and the provisions of a property settlement are interpreted by the normal rules regarding the construction of contracts. *Halper v. Halper* (1978), 57 Ill. App. 3d 588, 373 N.E.2d 598; *Waggoner v. Waggoner* (1978), 66 Ill. App. 3d 901, 383 N.E.2d 795.

The intention of the parties must be determined from the instrument itself and the construction to be placed on the instrument, where the instrument is unambiguous, is solely a matter of law. (*In re*

*Marriage of Adams* (1981), 92 Ill. App. 3d 797, 416 N.E.2d 316.) It is the court's function to interpret the provisions in question in a reasonable manner and to ascertain the intention of the parties in a fair and reasonable manner. (*Benninghoven v. Benninghoven* (1976), 39 Ill. App. 3d 286, 349 N.E.2d 421.) Here, the trial court concluded that "it is clear from the language of the judgment regarding paragraphs five (5), six (6), seven (7), and eight (8), that the intention of both parties was that it was not to be modified by him under any circumstances." The wife, while conceding that child support is always modifiable, correctly asserts that the agreement provides that even if the children were emancipated during the 10-year period or even if a change of custody occurred where she no longer had custody of the children so that there would be no child support to pay whatsoever, she was still entitled to get the $1,000 per month. We agree with the trial court's analysis of the issue in this case, and the plain meaning of the terms and language employed evidences the intention of the parties as found by the trial court. In view of this holding, the court found it unnecessary to reach the issue of section 502(f) of the Illinois Marriage and Dissolution of Marriage Act urged by petitioner.

We have examined the provisions of the agreement in question and the cases cited by petitioner may be distinguished. We are not persuaded by petitioner that the ruling of the trial court was incorrect. Accordingly, we find that the trial court properly granted the wife's motion to dismiss.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON and GOLDBERG, JJ., concur.