**Michael F. POWERS, Plaintiff,**

**v.**

**Elizabeth H. DOLE, Secretary of U.S. Department of Transportation, Defendant.**

**No. 84 C 3790.**

United States District Court, N.D. Illinois, E.D.

Nov. 20, 1984.

Raymond J. Bylinski, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Elizabeth Landes, Asst. U.S. Atty., Chicago, Ill., for defendant.

MEMORANDUM AND ORDER

BUA, District Judge.

Before the Court are cross-motions for summary judgment in a reverse discrimina-

tion case. The plaintiff, Michael Powers, is an employee of the Federal Aviation Administration (FAA) of the United States Department of Transportation (DOT). The defendant, Elizabeth H. Dole, is the Secretary of the DOT. For the reasons stated herein, defendant's motion is granted and plaintiff's motion is denied.

## I. FACTS

Michael Powers has been employed by the FAA continuously since August 30, 1981. During 1981, Powers participated in the FAA Academy's training program for air traffic controllers. He was notified on December 14, 1981, that he had failed Phase IV of the training program. He was thereafter assigned to another position within the FAA at a lower rate of pay.

On December 30, 1981, Powers filed a formal grievance within the FAA alleging that he had failed the training program for air traffic controllers because his training class had received inadequate instruction. He requested that he be "recycled," *i.e.*, permitted to undergo air traffic controller training again.

On February 23, 1982, the FAA grievance examiner responsible for the initial review of Powers' grievance, Elmer Loudermilk, recommended that Powers' request for recycling be granted. Kenneth C. Patterson, the grievance official to whom the grievance examiner submitted his recommendation in accordance with the FAA's grievance procedures, rejected the examiner's recommendation and concluded that Powers' grievance should be denied. In an affidavit submitted in support of defendant's motion for summary judgment, Patterson stated that he found insufficient evidence to substantiate Powers' claim of inadequate instruction. In addition, he stated that he did not base his decision on the fact that Powers is a white male.

Paul K. Bohr, Director of the Great Lakes Region of the FAA, subsequently reviewed Powers' grievance pursuant to FAA grievance procedures and concluded that it should be denied. In his affidavit, Bohr stated that he found no merit in Powers' claim that inadequate instruction was the cause of his training failure. In addition, he stated that he did not base his decision on the fact that Powers is a white male. In response to Powers' letter of May 19, 1982 challenging his decision, Bohr denied Powers' request for reconsideration of his grievance in a letter dated June 23, 1982.

On May 18, 1982, the day before he wrote to Bohr requesting reconsideration of his grievance, Powers lodged an informal discrimination complaint with Henry T. Rogers, the Equal Employment Opportunity Counselor for the DOT in Chicago. On June 29, 1982, Powers timely filed a formal complaint of discrimination with the FAA. He cited as the basis for his discrimination complaint the "[i]mproper and unfair handling of an FAA Agency Grievance...." In addition, he alleged: "Minorities that show good reason to be recycled are given the opportunity. It appears, that in this case there is good reason, and I am being denied the right to be recycled because I am a white male, rather than part of a minority group."

On April 6, 1984, the DOT issued its finding of no discrimination in Powers' case. On May 1, 1984, Powers filed his complaint in this case, alleging that the defendant discriminated against him because of his "race (white) and sex (male) in that minorities and females who show cause to be recycled through the Federal Aviation Administration Academy are so recycled, although he having shown cause to be recycled was not."

Supported by affidavits of defendant's employees, FAA records reveal that eleven individuals who failed the FAA air traffic controller training program filed FAA grievances seeking recycling during 1980 through 1983. Only one of those eleven was recycled. The one individual who was recycled through the grievance procedure was a nonminority male.

In addition, individuals who feel they have been discriminated against in the course of their training for air traffic con-

trollers' positions may file discrimination complaints. According to regional FAA records, from 1980 through December 11, 1981, seven individuals who filed successful complaints of discrimination with the Great Lakes Region of the FAA were recycled through the training program. Of those seven, six were black females and one was a white female. During the same period, an additional 15 individuals filed unsuccessful complaints of discrimination seeking to be recycled. Among those 15 individuals were five females, of whom at least two were white females, and ten males, of whom at least six were white; the racial identification of two of the females and one of the males is not indicated by the records.

Powers does not allege that he was discriminated against in the course of his training or instruction for the position of air traffic controller. Rather, he alleges discrimination in the FAA's rejection of his grievance claiming that he failed his training course because of poor instruction.

## II. DISCUSSION

### 1. *Plaintiff's Motion and Local Rule 12(e)*

Rule 12(e) of the General Rules of the United States District Court for the Northern District of Illinois provides:

> With each motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure the moving party shall serve and file, in addition to the affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a statement of the material facts as to which the moving party contends there is no genuine issue ... including with that statement references to the affidavits, parts of the record and other supporting materials relied upon to support such statement. Failure to submit such a statement constitutes grounds for denial of the motion.

In the present case, the Court finds that the plaintiff's motion for summary judgment and supporting memorandum and his reply memorandum do not meet the requirement of Rule 12(e). The memoranda outline the procedural history of plaintiff's administrative complaint and refers to evidence from the FAA records discussed above in statistical support of his reverse discrimination argument. They do not contain any affidavits from plaintiff or others in support of his reverse discrimination claim. It is clear that nothing contained in plaintiff's memoranda approaches the type of statement contemplated by Rule 12(e). In fact, plaintiff attempts in his reply memorandum to argue the specific facts contained in defendant's response memorandum. Therefore, since plaintiff failed to submit a statement complying with Rule 12(e), his motion for summary judgment is denied in accordance with the Rule.

### 2. *Defendant's Motion for Summary Judgment*

Defendant Secretary Dole argues that plaintiff Powers cannot prove that he received treatment which differed from that of others who were similarly situated or that, if different treatment existed, it was not based on his race and/or sex. Defendant concludes that Powers cannot make out a prima facie case in order to get him past a motion for summary judgment. Plaintiff counters with statistical evidence gleaned from FAA records. He offers no affidavit in support of his discrimination allegations.

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.; *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983). A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue. *Id.* Rule 56 of the Federal Rules of Civil Procedure clearly requires that an adverse party set forth specific facts showing a genuine issue for trial. *Id.*

As part of its motion for summary judgment, defendant submitted two affidavits

844

and other exhibits, which contain FAA statistics, to support its two contentions: (1) that the decision not to recycle Powers was not based on the fact that he was a white male, and (2) that a group of others denied recycling contained white and minority males and females. Powers filed no affidavit in response and submits only statistical evidence in support of his claim. Even considering the plaintiff's affidavit submitted in his formal complaint filed with the DOT, the Court finds that the plaintiff presents only conclusory allegations derived from the statistical evidence based on FAA records. Powers submits no other evidence which suggests that the DOT denied his request to be recycled because he is a white male.

Applying the previously discussed principles of summary judgment, the Court concludes that Powers' pleadings and previous affidavit are insufficient to create a question of fact concerning whether the DOT denied his recycling request on discriminatory grounds. They merely refer to an inference, drawn from FAA records, that more minority males and females and nonminority females are granted recycling requests than nonminority males. Plaintiff points to no specific facts from which reverse discrimination can be proven, i.e., articulated DOT quotas. In addition, defendant points out that, unlike plaintiff, many of the minority and nonminority females who were granted recycling had complained of inadequate training due to discrimination.

■ There is a close distinction between the inference which the plaintiff seeks to draw from mere statistics and specific facts which could provide a basis for comparing his recycling request with those of others whose requests were granted. However, the Court is compelled to make this distinction in light of the strict requirements of Rule 56. *Posey v. Skyline Corp.,* *supra,* at 106. Although it is true that a court should give to the party opposing a summary judgment motion the benefit of all reasonably drawn inferences, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90

S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), the mere possibility that a factual dispute may exist, without more, is an insufficient basis upon which to justify denial of a motion for summary judgment. *Posey v. Skyline Corp., supra,* at 106; see also *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980).

■ Powers' previous affidavit and pleadings at best hint that a question of fact may exist in this case. However, Rule 56 demands that Powers show specific facts indicating that a genuine issue does exist for trial. *Posey v. Skyline Corp., supra,* at 106. This requirement has not been met. The Court has no obligation to hypothesize or speculate about the various implications of Powers' factual presentation. *Id.* Unsupported by other evidence, Powers' inference of reverse discrimination fails to go far enough to rebut the defendant's unambiguous affidavits. Plaintiff Powers has failed to show that there exists a genuine issue of material fact and therefore summary judgment in favor of the defendant Secretary Dole is appropriate in this case.

### III. CONCLUSION

Plaintiff's motion for summary judgment is denied for failure to comply with Rule 12(e) of the General Rules of the U.S. District Court for the Northern District of Illinois. Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.