**Dieter W. REICHELT, Plaintiff,**

v.

**URBAN INVESTMENT AND DEVELOPMENT COMPANY, a Delaware corporation; United Development Company, an Illinois corporation; Chicago Title and Trust Company, as Trustee under a trust dated April 2, 1968 and known as Trust No. 51875; and Bert Thomas d/b/a Home Inspection Consultants, Defendants.**

**No. 83 C 5290.**

United States District Court,
N.D. Illinois, E.D.

June 27, 1985.

James A. Romanyak, Schlegel, Azeris & Romanyak, Chicago, Ill., for plaintiff.

James A. Christman, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants Urban Inv. and Development Co. and United Development Co.

Demetri J. Retson, Borton, Retson & Lipschultz, Chicago, Ill., for Bert Thomas d/b/a Home Inspection Consultants.

Thomas J. Adams, Chicago Title and Trust Co., Chicago, Ill., for Chicago Title and Trust Co.

## ORDER

BUA, District Judge.

## I. FACTS

Plaintiff filed his original complaint against these defendants and others in August 1983. In it he alleged a breach of an implied warranty of habitability and a violation of the Illinois Consumer Fraud Act. Plaintiff's claim arose out of a defect in the foundation of a townhouse built by defendants in 1969 and purchased by the plaintiff in 1980. Plaintiff charges that these structural defects were caused by the defendants' failure to properly construct the townhouse. In fact, he alleges that the defendants knew the house was built on highly compressible fill material and they concealed the inadequate soil base with three to six inches of clay. As a result, large cracks developed in the floor and walls of the basement and excessive settlement occurred in the interior floors and exterior patio.

After this Court granted defendants' motion to dismiss the portion of the action under the Illinois Consumer Fraud Act, the parties reached a partial settlement, 577 F.Supp. 971. In May 1984 this Court, by agreement of the parties, ordered the case dismissed without prejudice and retained jurisdiction for six months to allow the parties to fulfill the terms of the settlement agreement. The terms of the settlement agreement are contained in the following five points:

1. Urban Investment and Development Company (UIDC) will repair all defects in the foundation and structure and will correct any above-ground damage caused by those repairs.

2. UIDC will pay plaintiff's currently unpaid expert fees.

3. UIDC will pay reasonable hotel expenses for plaintiff during the period of foundation repairs.

4. The parties agree to continue negotiations as to:

(a) reimbursement/supervision of repairs to townhouse above ground to correct prior existing damage.

(b) (rendered irrelevant by UIDC repairing total foundation)

(c) all other costs and fees incurred by plaintiff.

5. Plaintiff agrees to "cease prosecution of all aspects of his lawsuit ... except for those unsettled claims outlined in paragraph four," and if those claims remain unsettled and go to trial, plaintiff agrees to release defendants from "all liability pertaining to all foundation defects and repairs."

With their motion, defendants have filed an affidavit of UIDC Vice President David McCoy stating that the foundation repairs were completed and expert fees paid in accordance with the settlement agreement.

Plaintiff has offered no contradictory evidence of malfeasance with regard to the work done by defendants.

In November 1984, the plaintiff moved the Court to vacate the dismissal order and set the matter for a pretrial conference. However, no further settlement could be reached. In February 1985, the plaintiff filed his Second Amended Complaint. In Count I plaintiff alleges a breach of an implied warranty of habitability and fraudulent concealment. As damages he claims the cost of repair of the above-ground portions damaged, loss of use during the repairs and loss of economic value of the townhouse. In Count II he also seeks punitive damages.

## II. DISCUSSION

■ A motion for summary judgment is properly granted if the pleadings, depositions and admissions on file, together with any affidavits or exhibits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Although it is true that a court should give to the nonmoving party the benefit of all reasonably drawn inferences, the mere possibility that a factual dispute may exist, without more, is an insufficient basis upon which to justify denial of a motion for summary judgment. *Powers v. Dole*, 607 F.Supp. 841, 844 (1984); *Posey v. Skyline Corp.*, 702 F.2d 102, 106 (7th Cir.1983). A settlement agreement is a contract and as such the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *Airline Stewards and Stewardesses Assoc. v. Trans World Airlines*, 713 F.2d 319 (7th Cir. 1983).

■ In this case, the issue before the Court is one of contract interpretation. The plaintiff claims that defendants' motion for summary judgment should be denied because an ambiguity exists in the language of the contract. However, whether or not an ambiguity exists in a contract is to be determined by the court as a matter of law. *Susmano v. Assoc. Internists*, 97 Ill.App.3d 215, 52 Ill.Dec. 670, 422 N.E.2d 879 (1st Dist.1981). If the court determines that there is an ambiguity, there may be a genuine issue of fact concerning the intention of the parties contracting, which would preclude the entry of summary judgment. However, in this case the Court finds no ambiguity in the contract. As stated in *Whiting Stoker Co. v. Chicago Stoker Corp.*, 171 F.2d 248, 250–251 (7th Cir.1948) and quoted in *Public Relations Board v. United Van Lines:*

> A contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions; it is not ambiguous if the Court can determine its meaning without any guide other than a knowledge of the simple facts on which from the nature of the language in general, its meaning depends. 17 C.J.S. Contracts § 294, and cases there cited. Contracts are not rendered ambiguous by the mere fact that the parties do not agree upon their proper construction.

15 Ill.Dec. 381, 382, 373 N.E.2d 727, 728.

■ In this case, the letter of settlement can be construed by the Court without the need to resort to other sources. As summarized above, the settlement calls for defendants to repair the foundation, pay the unpaid expert fees and plaintiff's hotel expenses during those repairs. In exchange, plaintiff agreed to "cease prosecution of all aspects of his lawsuit except for those unsettled claims outlined in paragraph 4."

Plaintiff's argument that paragraph 5 of the settlement letter is inconsistent with paragraph 4 is unconvincing. The first sentence of paragraph 5 states:

> Mr. Reichelt will cease prosecution of all aspects of his lawsuit, captioned above, against Urban and United Development Company ("UDC") except for those unsettled claims outlined in paragraph 4 above.

The meaning of this sentence is clear: to prohibit prosecution by the plaintiff of any claims not included in paragraph 4. In other words, after the settlement, any subsequent action by the plaintiff is limited to those claims listed in paragraph 4.

Subsection (a) of paragraph 4 specifies that the plaintiff's only remaining cause of action in this case is for "[r]eimbursement for and supervision of repairs to the townhouse to correct prior-existing damage resulting from the foundation problems." This subsection (a) covers all repairs to the townhouse caused by the foundation problems, but does not include repairs to the foundation itself. Therefore, the only remaining cause of action here is for repairs to the above-ground structure which were necessitated by the foundation problems. In addition, it is clear that no punitive damages may be awarded in this action because the relief in subsection (a) is limited to "reimbursement for and supervision of repairs."

■ The Court finds that no "internal inconsistency" or ambiguity is found in the language of the settlement agreement. Where a contract is unambiguous, the instrument itself is the only source of the parties' intentions. *Halper v. Halper,* 57 Ill.App.3d 588, 15 Ill.Dec. 252, 373 N.E.2d 598 (1st Dist.1978). Therefore, the Court holds that no genuine issue of material fact exists that would preclude an entry of summary judgment. The plaintiff's remaining claims are for the cost of above-ground repairs along with other fees incurred therein. It was the intention of the parties to release defendants from liability for punitive damages. The Court accordingly grants defendants' motion for partial summary judgment.

### III. CONCLUSION

For the reasons stated above, defendants' motion for partial summary judgment is granted.

IT IS SO ORDERED.