KENNETH KOLMIN, Plaintiff-Appellant, v. THE VILLAGE OF WILMETTE, Defendant-Appellee (C.E. Russell and Associates *et al.*, Defendants).

First District (4th Division)   No. 1—92—1887

Opinion filed July 15, 1993.

Matthew I. Baker, of Karlin & Fleisher, and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky and Margarita T. Kulys, of counsel), for appellant.

Knight, Hoppe, Fanning & Knight, Ltd., of Des Plaines (Charles C. Hoppe, Jr., and Janella L. Barbrow, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Kenneth Kolmin, the plaintiff in the trial court proceedings, appeals from the trial court's order granting summary judgment to the defendant, the Village of Wilmette (Village). The trial court held that the Village owed no duty of care to Kolmin.

On October 26, 1989, the plaintiff, Kenneth Kolmin, was riding a bicycle on Sheridan Road in Wilmette. Upon entering an "S" curve in the road, the bicycle Kolmin was riding skidded on some gravel scattered in the roadway and slid out from beneath him. Kolmin was injured when he fell. He later brought suit alleging negligence on the part of the Village of Wilmette and others.

At the time of Kolmin's accident, Wilmette was under contract to the State of Illinois through the Department of Transportation to "operate and maintain" Sheridan Road, which is a State roadway. In part, the contract specifically stated the following:

"Operation and maintenance includes but is not limited to all routine surface and pothole repairs, temporary full-depth patches, expansion bump removal on bituminous surfaces, crack and joint sealing, cleaning and litter pickup, snow and ice control and all other routine operational services. Median maintenance, when applicable, shall consist of sweeping, litter pickup, mowing, and routine surface repairs."

The contract also stated in part:

"The Corporation agrees to permit no cuts or openings in the curbs or pavements of the streets covered by this agreement without the written approval of the Department. Pavement cuts, curb openings, utility frames and municipal frames and grates or covers disturbed by settlement, construction or repair under permit are to be restored, repaired, adjusted and maintained by the utility owner or permit holder to the satisfaction of the Department at no expense to the State."

The gravel Kolmin ran into on the roadway was there due to some construction work that had been taking place in the area. In order to install sewer and water lines to an adjacent home, a contractor had obtained a permit from the State of Illinois to open a portion of the road. After the excavation and installation work was completed, the contractor backfilled the excavation intending to return in the spring to close it with asphalt. It was at this stage that Kolmin had his accident.

Both parties agree that the question of whether the Village of Wilmette owed a duty of care to Kolmin is to be determined from the language of the maintenance contract between the Village and the State. The trial court determined as a matter of law that the contract did not give rise to a duty on the part of the Village to remove from the roadway gravel that had spilled out of the excavation site. The court granted the Village's motion for summary judgment.

On appeal, Kolmin argues that contrary to the trial court's decision, the plain and ordinary meaning of the contract words imposed a duty on the Village to remove the gravel in question. (*J.M. Beals Enterprises, Inc. v. Industrial Hard Chrome, Ltd.* (1990), 194 Ill. App. 3d 744, 551 N.E.2d 340.) Kolmin points to the language in the contract instructing the Village to "maintain" the roadway, and asserts that under *Ross v. City of Chicago* (1988), 168 Ill. App. 3d 83, 522 N.E.2d 215, the word "maintenance" encompasses acts of repair directed toward keeping the streets in a reasonably safe condition for the amount and kind of travel that may fairly be expected on them. The Village also cites to *Ross v. City of Chicago*; however, it is the

Village's contention that because removing the spilled gravel was not necessary to preserve, keep up, or prevent the roadway from deteriorating, it was not a duty imposed by the contract in general or the specific language "maintain."

The Village also argues that removal of the gravel in response to the special occasion of the construction underway does not fall under the definition of "routine" maintenance for which the Village was obligated. In support of this argument, the Village points to the provision in the contract that dictates that pavement cuts are to be "restored, repaired, adjusted and maintained by the utility owner or permit holder to the satisfaction of the Department." It is the Village's position that reading the contract as a whole, and viewing the more specific provision as controlling, it is clear that any maintenance related to the excavation of the road was not a "routine operational" service of the Village, but rather the duty of the permit holder. *J.M. Process Systems, Inc. v. W.L. Thompson Electric Co.* (1991), 218 Ill. App. 3d 350, 578 N.E.2d 264; *Wilson v. Wilson* (1991), 217 Ill. App. 3d 844, 577 N.E.2d 1323.

In response to the Village's argument, Kolmin points out that the contract charges the Village with "cleaning and litter pickup." Kolmin asserts that under this language, the Village is responsible for removing foreign matter from the surface of the roadway. Kolmin contends that the concurrent duty of the permit holder does not relieve the Village of its contractual responsibilities. Finally, Kolmin asserts that because the contract contains the language "includes but is not limited to," it contemplates duties not specifically enumerated in the agreement. Kolmin urges in the alternative that at the least the terms of the contract are ambiguous and, therefore, present a material question of fact that cannot be disposed of through summary judgment.

■ We do not believe that the terms of the contract are ambiguous. Contract language is ambiguous where it is reasonably or fairly susceptible of different constructions. (*Public Relations Board, Inc. v. United Van Lines, Inc.* (1978), 57 Ill. App. 3d 832, 373 N.E.2d 727.) A contract is not rendered ambiguous simply because, as in the present case, the parties disagree on its proper construction. (*Public Relations Board*, 57 Ill. App. 3d 832, 373 N.E.2d 727.) Where a contract is unambiguous and clear, the contract terms must be given their ordinary and natural meaning, and the contract construed as a whole, giving effect to each provision. *Srivastava v. Russell's Barbecue, Inc.* (1988), 168 Ill. App. 3d 726, 523 N.E.2d 30.

■ Applying these principles, we believe that in the present case the contract between the Village of Wilmette and the State of Illinois

clearly imposed a duty on the Village with respect to the plaintiff Kolmin. Specifically, the contract obligated the Village among other things to "operate and maintain" the roadway, including "cleaning" it, and performing all other "routine operational services." We believe that in the common sense, the words "maintain" and "clean," when used in relation to roads, include the removal of extraneous matter, including gravel, where necessary to provide a reasonably safe condition for the kind of travel which may be fairly expected upon it. (*Ross v. City of Chicago* (1988), 168 Ill. App. 3d 83, 522 N.E.2d 215; *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 393 N.E.2d 725.) This is the case, regardless of the source of the scattered gravel.

We do not believe the two provisions of the contract that the Village refers to are inharmonious. (*Village of Rosemont v. Lentin Lumber Co.* (1986), 144 Ill. App. 3d 651, 494 N.E.2d 592.) Nor do we believe that our construction of the maintenance provision relating to the Village renders the provision relating to the permit holder meaningless. (*Village of Rosemont*, 144 Ill. App. 3d 651, 494 N.E.2d 592.) Whether the permit holder, in this case the contractor who excavated the road, owed a duty of care to the plaintiff is not a question before us. That he may, however, does not preclude a determination that the Village owed a duty to the plaintiff.

In reviewing a trial court's order of summary judgment, we must determine whether the court properly decided that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. (*Village of Rosemont v. Lentin Lumber Co.* (1986), 144 Ill. App. 3d 651, 494 N.E.2d 592.) For the reasons stated above, we believe that, in the present case, the trial court improperly entered summary judgment. Under the terms of the contract, the Village owes a duty of care to the public. Whether under the circumstances presented the Village breached its duty with respect to Kolmin is a material issue of fact. The decision of the trial court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

CAHILL and JOHNSON, JJ., concur.